IN RE ESTATE OF ADAMS: ADAMS, ADMR., APPELLANT, *v.*
HOOFFSTETTER, APPELLEE.

(No. 3432—Decided October 15, 1942.)

*Mr. W. J. Laub,* for appellant.
*Messrs. Connor & Nester* and *Mr. Frank E. Steel,*
for appellee.

WASHBURN, J. This is the third time that some
phase of the controversy between the parties to this
action has been before this court.

Rudolph J. Hooffstetter, appellee, filed a motion in
the Probate Court of Summit county in a proceeding
to administer an estate styled "In the matter of the
Estate of Benton H. Adams, deceased," in which pro-
ceeding Carl E. Adams was administrator *de bonis
non* of said estate.

Said motion was to revoke the appointment of Carl
E. Adams as administrator *de bonis non,* on the ground

that such appointment was procured by fraud practiced upon the court, and because said Adams was pursuing a course which violated a former order of the Probate Court, as well as a like order entered by this court on appeal. In the Probate Court said motion was granted, and the administrator has brought the matter before this court by an appeal on questions of law.

Hooffstetter, the mover of said motion, was not an heir, devisee or legatee in the said estate, and had no interest therein except such interest as arises from transactions which will be hereinafter referred to. As we view the record, if Hooffstetter had an interest which would give to him the right under the statutes of Ohio to make such motion, there can be no doubt whatsoever of the correctness of the judgment entered by the Probate Court removing such administrator.

It is strenuously urged in this court by counsel for appellant that Hooffstetter had no such interest in such estate.

The record discloses the following:

That Carl E. Adams was appointed administrator of the estate of his father, Benton H. Adams, that he qualified and administered the estate, and that he was discharged as administrator 15 years before he was appointed administrator *de bonis non* of the same estate. He had a brother by the name of George E. Adams, who was an heir of and had an interest in the estate.

That George E. Adams, the heir, went to Columbus and there entered into a business arrangement with the said Hooffstetter; that in pursuance of said arrangement Hooffstetter signed a note with the said heir at a bank, by means of which said heir obtained $12,000 to pay for stock in a corporation organized for the purpose of carrying out said business arrangment;

that the corporation was conducted and managed by said heir; that the corporation became insolvent; and that Hooffstetter paid the note of said heir at the bank.

That while Hooffstetter, as liquidating agent, was liquidating said corporation, a fire occurred which brought insurance funds to Hooffstetter as liquidator, the proceeds of which funds were distributable to the owners of the stock of said corporation, and which gave to the stock its only value.

That, after Hooffstetter had reduced his claim against said heir to judgment and asked him to produce his stock and assign the funds thereon to him (Hooffstetter) to apply on his judgment, said heir conspired with his brother, Carl E. Adams, the former administrator of their father's estate, for the purpose of defeating the collection of the claim of Hooffstetter against said heir. That, pursuant to such conspiracy, Carl E. Adams procured his appointment as administrator *de bonis non,* and made an arrangement with said heir by which said heir assigned said stock to said administrator *de bonis non,* in discharge of notes which said heir had given to his father, and which were long since outlawed.

Thereupon Hooffstetter filed a motion in the Probate Court in said estate to set aside the transfer of said stock, on the ground that it was a fraudulent transfer to defeat creditors of said heir.

The trial in that proceeding in Probate Court, in which George E. Adams, the heir, was also a party, resulted in a decree sustaining the contentions of Hooffstetter, and, in due time, the proceedings were appealed to this court and tried upon questions of law and fact, and this court reached the same conclusion as was reached by the Probate Court. In that case, this court determined that Hooffstetter had a right to

intervene and prosecute said motion in the Probate Court as a part of the proceedings in settling said estate. The decision of this court, written by Judge Doyle, is found in 67 Ohio App., beginning at page 21, where there is set forth a full history of the facts involved in said litigation, and for that reason they will not be more fully described in this opinion. It is pertinent, however, to set forth that the opinion of the Probate Court specifically found that the appointment of Carl E. Adams as administrator *de bonis non* was obtained by fraud practiced upon the Probate Court, and also that this court, as did the Probate Court, not only set aside the transfer on the ground of fraud, but that both courts made the following order in their respective decrees:

"'* * * that the said Carl E. Adams, as administrator as aforesaid, abandon all manner of right and claim to, or interest in, the properties mentioned and described in said order of said Probate Court dated January 25, 1938, and in said assignment and transfer made by the defendant, George E. Adams, to said administrator on said date."

That decree of this court is in full force and effect.

Notwithstanding said decree, said administrator and said heir, thereafter, for the purpose of further hindering and delaying Hooffstetter in the collection of his judgment from said heir, entered into an arrangement by which said heir gave a new note to said administrator as a substitution for the outlawed notes of said heir, and, by the cooperation of said administrator and said heir, a judgment by confession was entered upon the new note in the Common Pleas Court of Summit county.

Thereafter the administrator sought, by proceedings in aid of execution in said case, to obtain the funds in the hands of said Hooffstetter distributable

upon said stock of said heir, which funds in the meantime had been by order of the court deposited by Hooffstetter in a bank in Akron to await the outcome of the litigation which was then pending and which has heretofore been referred to.

Hooffstetter was a party to that action and filed a motion to vacate a restraining order, concerning said· funds, issued by the Common Pleas Court in that case. The trial was had in the Common Pleas Court on the issues joined in reference to said funds, and that court in its judgment found:

"1. That fraud was practiced by the plaintiff administrator and the defendant George E. Adams, upon said motioner and, also, upon the Probate Court of this county in a former proceeding involving said last mentioned parties, respecting the matters complained of by said motioner in said Probate Court.

"2. That the action of said plaintiff administrator in procuring the execution by the defendant George E. Adams, of a new note, being the note previously entered in judgment in this cause, is likewise a further fraudulent collusive arrangement to defeat justice and thwart the action of said Probate Court and the Court of Appeals of this district.

"3. That said plaintiff administrator d. b. n. was appointed by fraud on the Probate Court in the first instance, and has nothing to administer in the estate for which he pretends to act as fiduciary excepting the right to continue to seek reversal of the Court of Appeals' ruling affirming the Probate Court in the action first herein referred to.

"4. That the demand cognovit note, dated March 17, 1941, and entered in judgment in this cause on March 18, 1941, was clearly given to circumvent the previous decision of the Probate Court of this county and the Court of Appeals of this, district.

"5. That the allegations contained in the affidavit

of counsel for plaintiff administrator whereon the order for proceedings in aid of execution were obtained in this cause are false, and the court does further find that the allegations contained in the motion to dissolve said restraining order are true, and that good cause has been shown why said restraining order should be forthwith dissolved."

And the court entered a judgment and decree dissolving the injunction theretofore issued and—

"* * * ordered that all of said proceedings in aid are likewise set aside and held for naught, in so far as said proceedings attempt to reach the fund in controversy now on deposit in The First-Central Trust Company, and all orders concerning same are hereby set aside, dissolved and held for naught. It is further ordered, adjudged and decreed that the said plaintiff administrator be, and he is hereby, enjoined from instituting any further proceedings in aid of execution in this cause, in an attempt to reach the aforementioned fund, *or from attempting to procure a lien or levy upon said fund by any other legal process whatsoever * * *."* (Italics ours.)

That judgment in the Common Pleas Court was reviewed by this court on an appeal on questions of law and said judgment was affirmed. It is in full force and effect.

Hooffstetter then filed the motion to remove said administrator *de bonis non,* and the Probate Court gave the administrator ample legal notice of the filing of the motion; and the administrator appeared and contested the granting of the motion.

The Probate Court in its judgment upon the motion found as follows:

"Whereupon the court does now find upon the evidence adduced that said Carl E. Adams as administrator d. b. n., was appointed by a fraud perpetrated upon

this court in the first instance; that said fraud vitiates his said appointment *ab initio*; that said administrator has acted contrary to the finding and judgment of this court herein entered on August 3rd, 1940, in representing to the Court of Common Pleas of this county in case No. 134816 that the pretended note entered in judgment in said cause by said administrator was a valid and enforceable demand in favor of this estate, and in further representing to said Court of Common Pleas that said administrator was acting under favor of the orders of this court in attempting the collection of said note.

"The court does further find that said note entered in judgment by said administrator in the Court of Common Pleas in the cause aforementioned was clearly given to circumvent the findings and order of this court herein entered on August 3rd, 1940, and this court does further find that the existence of said note in the hands of said administrator, is a further fraudulent, collusive arrangement existing between said administrator and his brother George E. Adams in an attempt to evade or nullify the former findings and decree of this court aforesaid, all of which said findings and decree are entered in cause No. 12945 on the dockets of this court.

"The court does, accordingly, further find that each and all of the causes set forth in the application for the removal of said Carl E. Adams as administrator have been established by competent evidence, and that said causes for removal are true; that said Carl E. Adams has been guilty of fraudulent conduct in the manner set forth in said application for removal, and that the said Carl E. Adams ought to be forthwith removed as such administrator d. b. n.

"It is therefore ordered that the said Carl E. Adams be and he is hereby forthwith removed as ad-

ministrator d. b. n. of the estate of Benton H. Adams, deceased, and his letters of administration are hereby forthwith revoked * * *.''

Did Hooffstetter have an interest in the administration of such estate which entitled him to file and prosecute said motion? That is the only substantial legal question involved in this action.

Hooffstetter had no interest in the estate *as such,* but he did claim an interest in property which the administrator was claiming as a part of such estate.

In the case of *In re Estate of Gingery,* 103 Ohio St., 559, 134 N. E., 449, where an attack was made upon the appointment of an administrator by one who had no interest in the estate *as such,* but who claimed to be the owner of the property, which the administrator was seeking to recover as assets of the estate, the Supreme Court determined as follows:

''1. One claiming the estate of a decedent is among the class of 'persons interested' within the meaning of Section 10629, General Code, who are entitled to attack the appointment of an administrator.''

The substance of Section 10629, General Code, referred to above, is now included in Section 10506-53, General Code, relating to the removal of an administrator. In the new section there is a change of phraseology concerning the grounds for removal, but there is no difference in the fundamental meaning between the new and the old language.

After a consideration of the authorities, we are of the opinion, and so hold, that Hooffstetter had a right to file and prosecute said motion in the Probate Court. We are further of the opinion that the Probate Court was fully justified in removing said administrator upon the motion of Hooffstetter; indeed, if the conduct of the administrator, after the judgment of this court, had come to the knowledge of the Probate Court in any

manner, and the administrator had been given an opportunity to defend his conduct, the Probate Court could have *sua sponte* removed said administrator, and it would have been the court's duty to do so.

The administrator, who had obtained his appointment by fraud upon the court, and who obtained rights in certain property which the Probate Court set aside because obtained by the fraud of the administrator, and which court then ordered said administrator to "abandon *all* manner of right and claim to, or interest in, the properties mentioned and described in said order" (italics ours), and which administrator thereafter violated said order, cannot properly complain if the Probate Court removes him as administrator.

The word "properties" used in said order to "abandon all manner of right and claim to, or interest in," included not only the stock but the monies which had been in the hands of the liquidator for the retirement of the stock, and which was then in the custody of the court. The only value in said stock was represented by said monies.

In all of the proceedings in which the judgments hereinbefore set forth were rendered, said administrator and Hooffstetter were proper parties, and both are bound thereby.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.