DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Honey Rothschild appeals the judgment of the Lorain County Court of Common Pleas, Probate Division, which granted appellee A Mendenhall's second motion to remove fiduciaries and appoint a special administrator in relation to the parties' mother's estate. This Court affirms.
 I. {¶ 2} E. Gladys Howard died testate on November 21, 2004. Ms. Howard's will devised her entire estate equally among her four children, appellant, appellee, Sam Travis and John Howard, Jr. Appellant and her sister Sam Travis filed an application to probate their mother's will on December 17, 2004. Appellant and Ms. Travis filed an application for authority to administer the estate the same day, further requesting that they be appointed co-executrices pursuant to a nomination in the will. In addition, all four siblings filed waivers of notice of probate of will on December 17, 2004. That same day, before the appointment of any executor or executrix, appellee filed a motion for the appointment of a special administrator "for the reason that there is dissention among the heirs of the above estate and that the assets of said estate are being misused and taken." Appellee filed a memorandum in support of her motion. The matter was scheduled for hearing.
 {¶ 3} On January 5, 2005, appellant filed an opposition to appellee's motion to appoint a special administrator. Appellant alleged in her opposition that appellee had caused her emotional distress and suffering and had physically intimidated her in regard to matters arising out of their mother's death. Appellant attached a seven-page affidavit in which she averred specific accusations against appellee. Appellant further attached other documents in an effort to show the dispute between herself and appellee in regard to the management of their mother's estate. On January 10, 2005, appellee withdrew her motion to appoint a special administrator.
 {¶ 4} On January 10, 2005, the probate court admitted E. Gladys Howard's will to probate and appointed appellant and Sam Travis as co-fiduciaries with the power to fully administer their mother's estate. The same day, appellee filed a notice of appearance as counsel of record on behalf of the estate.
 {¶ 5} On April 7, 2005, appellee filed a second motion to appoint a special administrator "for the reason that there is dissension among the heirs and an inability to communicate in a non-violent, civil manner." Appellee failed to file a memorandum in support or attach any affidavits or other exhibits. Appellee filed a notice of hearing, stating that the matter would be heard on May 10, 2005. On May 5, 2005, appellant filed an opposition to and motion to dismiss appellee's motion to appoint a special administrator. Appellant incorporated her January 5, 2005 opposition to the first motion in her response. In addition, appellant argued that appellee's motion should be dismissed because, as the attorney for the estate, appellee had failed to put her clients' interests above her own. She further argued that appellee was precluded from presenting any evidence in support of her motion on the bases of attorney-client privilege and the Code of Professional Responsibility. Accordingly, appellant argued that the probate court must necessarily dismiss the motion for lack of evidence. Appellant again attached exhibits, including an affidavit in which she averred that appellee taunted, mocked and charged her brother John during an incident and that appellee "herself is the bully and treats the rest of us heirs in an uncivil manner[.]"
 {¶ 6} Also on May 5, 2005, appellant filed a motion in limine to restrict appellee's testimony at the hearing on the motion to appoint a special administrator to comply with the proscription against testimony regarding attorney-client communications. On the same day, appellant filed a complaint against appellee for the recovery of concealed estate assets.
 {¶ 7} On April 11, 2005, appellant and Sam Travis filed an inventory and appraisal and schedule of assets of the estate. On May 4, 2005, appellee filed an objection to the inventory, enumerating four alleged deficiencies in the inventory. On May 6, 2005, appellant filed a second motion in limine to restrict appellee's testimony regarding her objections to the inventory to comply with the proscription against testimony regarding attorney-client communications.
 {¶ 8} On May 11, 2005, the probate court issued an entry removing the fiduciaries and finding "good cause that the interest of this trust demands the appointment of an impartial successor administrator to conclude the administration of this estate." Based on the filings submitted in the case, the probate court found that the circumstances in the case indicated distrust and hostility between one co-executrix and one heir. In addition, the probate court found acrimony between a fiduciary and an heir, which was impeding the efficient and economic administration of the estate.
 {¶ 9} Appellant timely appeals, setting forth three assignments of error for review. This Court addresses the assignments of error out of order for ease of review. This Court further consolidates the first and second assignments of error, because they involve similar facts and issues.
 II. ASSIGNMENT OF ERROR III
"THAT THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE THE [sic] ATTORNEY OF RECORD'S MOTION FOR REMOVAL OF THE CO-EXECUTORS WITHOUT A HEARING[.]"
 {¶ 10} Appellant argues that the trial court failed to conduct a hearing on appellee's motion to appoint a special administrator and that such failure constituted an abuse of discretion. This Court disagrees.
 {¶ 11} The decision to remove a fiduciary lies within the sound discretion of the probate court, and this Court will not reverse the decision to remove the fiduciary absent a clear showing that the probate court abused its discretion. Pio v.Ramsier (1993), 88 Ohio App.3d 133, 136. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 12} R.C. 2109.24 governs the removal of fiduciaries and states, in relevant part:
"The court may remove any such fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
 {¶ 13} R.C. 2109.24 does not mention any requirement for a hearing, and in fact does not mention any requirement for a motion. This Court, however, has surmised that due process may require a hearing prior to the removal of a fiduciary. In theMatter of the Estate of Kaviris v. Bowman (Jan. 14, 1987), 9th Dist. No. 12679. Other courts had held that a fiduciary is entitled to a hearing upon the charges made within a motion for removal. See, e.g., In re Estate of Russolillo (1990),69 Ohio App.3d 448, 451 (asserting that "it is the duty of the court to receive and hear all relevant and proper evidence proffered upon the issues made by the claims and denials of the respective parties."). In regard to the procedural mechanisms of hearings, this Court has stated:
"It is acceptable practice for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded. 56 American Jurisprudence 2d (1971) Motions, Rules, and Orders, Sections 22 and 23, 18-19. There is no requirement that a hearing be conducted in a specific manner. It may indeed, be formal, with examination of witnesses and oral arguments. The requirement of a `hearing' may be satisfied when the judge requests submission of affidavits and/or briefs by a certain date. Or, , it may be had simply of the papers filed. The type of hearing to be had is discretionary with the judge." Wilson v.Alside, Inc. (Apr. 10, 1985), 9th Dist. No. 11667.
 {¶ 14} In this case, the probate court scheduled a hearing on appellee's motion on May 10, 2005. There is nothing in the record to indicate that the hearing was cancelled. The probate court issued its order removing the fiduciaries the next day. There is further nothing in the record to indicate that the probate court did not hold a hearing on the motion, although it appears to have been a non-oral hearing upon the papers filed. Appellant had filed two oppositions with exhibits, so that she was clearly heard by the trial court on the matter. Moreover, because a transcript of proceedings has not been made part of the record, there is no record of what transpired at this hearing, e.g., whether the parties attempted to present evidence or whether objections were made as to the lack of evidentiary hearing.
 {¶ 15} Appellant further argues that the trial court erred in considering the allegations in appellee's first motion to appoint a special administrator in ordering the removal of the fiduciaries. While this Court agrees that the probate court should not have relied on the allegations in the December 17, 2004 motion, which appellee withdrew prior to ruling, we find that any error was harmless. Civ.R. 61 addresses harmless error, stating:
"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 {¶ 16} In this case, the probate court noted the flurry of contentious motions, objections, and responses filed in the case by appellant and appellee. The probate court further had the opportunity to observe the parties' behavior in their management of the case. Although removal proceedings are commonly instituted by the filing of a motion, "[u]pon a proper showing the Court may act sua sponte." In re Marshall's Will (1946), 78 Ohio App. 1,5, citing In re Adams' Estate (1942), 71 Ohio App. 113. This Court has previously opined that a probate court is fully justified in removing a fiduciary if the fiduciary's conduct has come to the knowledge of the probate court in any manner, so long as the fiduciary has had the opportunity to defend his conduct.In re Adams' Estate, 71 Ohio App. at 114-15. In fact, this Court further opined that, where the probate court learns of a fiduciary's misconduct by any means, the court may sua sponte remove the fiduciary, "and it would have been the court's duty to do so." Id. at 115. Accordingly, the probate court possesses an inherent power and affirmative duty to remove a fiduciary, even in the absence of any motion, where evidence of the fiduciary's actions which are contrary to the interest of the trust are demonstrated by any means.
 {¶ 17} In this case, the probate court relied on the constant flow of contentious motions, objections and oppositions filed by appellant and appellee to support its finding of acrimony between the parties, which interfered with the reasonable administration of the estate, wasted court and estate resources, and impeded the efficient and economic administration of the estate. Because the parties demonstrated their inability to cooperate in the administration of the estate through the repeated filing of adversarial and accusatory documents, any reliance by the probate court on the substance of the allegations in appellee's first motion to appoint a special administrator was surplusage and did not affect appellant's substantial rights. Furthermore, it was within the probate court's inherent powers and duties to consider the fiduciary's circumstances regardless of the manner in which they came to the court. Id. Accordingly, the probate court's notation of any such allegations in its order removing the fiduciaries, if error at all, constitutes harmless error. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"THAT THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS THE CO-EXECUTORS' ATTORNEY OF RECORD'S MOTION FOR REMOVAL WHICH CITED NO FACTS OR LEGAL AUTHORITIES IN SUPPORT OF IT AND IN THE PROCESS VIOLATED THE APPELLANT'S ATTORNEY-CLIENT PRIVILEGE UNDER R.C. 2317.02(A)[.]"
 ASSIGNMENT OF ERROR II
"THAT THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS THE CO-EXECUTORS' ATTORNEY OF RECORD'S MOTION FOR REMOVAL WHICH CITED NO FACTS OR LEGAL AUTHORITIES IN SUPPORT OF IT AND IN THE PROCESS VIOLATED THE CODE OF PROFESSIONAL RESPONSIBILITY[.]"
 {¶ 18} In her first and second assignments of error, appellant argues that the trial court abused its discretion by failing to dismiss appellee's second motion to appoint a special administrator, because appellee failed to cite any facts or legal authority in support of her motion. This Court disagrees.
 {¶ 19} As this Court stated in regard to the third assignment of error, the decision to remove a fiduciary lies within the sound discretion of the probate court, and this Court will not reverse the decision to remove the fiduciary absent a clear showing that the probate court abused its discretion. Pio,88 Ohio App.3d at 136. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore,5 Ohio St.3d at 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency."Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 20} This Court has already found that the trial court did not abuse its discretion when it relied on the entire record to reach the conclusion that the interest of the trust demanded appellant's removal as fiduciary and the appointment of a special administrator. Accordingly, the trial court did not abuse its discretion when it refused to dismiss appellee's second motion to appoint a special administrator only because appellee failed to cite specific facts and legal authority. Because this Court finds that the probate court possesses the inherent power and duty to act in the best interest of the trust, including the power and duty to sua sponte remove a fiduciary for the reasons enumerated in R.C. 2109.24, appellee's failure to cite to facts and legal authorities in her motion does not mandate the probate court's dismissal of the motion. Accordingly, the probate court did not abuse its discretion when it declined to dismiss appellee's motion on that basis.
 {¶ 21} Appellant further argues that the probate court abused its discretion when it failed to dismiss appellee's second motion to appoint a special administrator, because any allegations by appellee against appellant would violate the attorney-client privilege and the Code of Professional Responsibility. This Court disagrees.
 {¶ 22} Appellee's second motion to appoint a special administrator stated in full:
"Now comes A Mendenhall, beneficiary of the Estate of E. Gladys Howard, and moves this Honorable Court to appoint a Special Administrator for the reason that there is dissension among the heirs and an inability to communicate in a non-violent, civil manner."
 {¶ 23} Appellant cites statutes, case law and provisions of the Ohio Code of Professional Responsibility for the proposition that appellee, as the attorney of record for the estate, would not have been able to present any evidence in support of her motion which disclosed any attorney-client confidences and communications. She argues, therefore, that appellee's motion must necessarily have been dismissed, and the trial court abused its discretion when it refused to dismiss the motion. This Court finds appellant's argument not well taken.
 {¶ 24} Appellant has failed to demonstrate anything in the record as to any particular communications between herself and appellee, within appellee's capacity as the attorney for the estate. Appellee's motion to appoint a special administrator does not reference specific communications between herself and appellant. Rather, the motion addresses the manner in which the parties communicate, specifically the violent, uncivil manner of communication. Significantly, in appellant's opposition and motion to dismiss, she enumerated with specificity many instances of appellee's conduct evidencing the dissension between the parties. Presumably, if appellant could demonstrate the disparate approaches to the administration of the estate through the mere conduct of the parties without disclosing confidential communications, appellee could do the same. Accordingly, the trial court did not abuse its discretion by denying appellant's motion to dismiss appellee's motion to appoint a special administrator despite appellant's assertions of attorney-client privilege and alleged violations of the Code of Professional Responsibility. Appellant's first and second assignments of error are overruled.
 III. {¶ 25} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division, which removed the fiduciaries and appointed a special administrator, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Whitmore, J., concur.