DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, John G. Zaffer, appeals the judgment of the Lorain County Court of Common Pleas, Probate Division, which removed him as the trustee of the CNZ Trust. This Court affirms.
 I. {¶ 2} On June 18, 2002, appellant moved the trial court for an order approving the establishment of the CNZ Trust for the benefit of Christina N. Zaffer. Appellant is Christina's uncle and the brother of the late Christopher N. Zaffer. Christopher was Christina's father. Appellant pursued a wrongful death cause of action as a result of Christopher's death, and he used the settlement *Page 2 
monies from that suit to fund the trust. Appellant requested that he be named as trustee of the trust. The trial court approved the establishment of the trust and appointed appellant as trustee.
 {¶ 3} By the terms of the trust, appellant was required to file an inventory with the probate court within 30 days of receipt of the wrongful death proceeds and an account every 2 years, detailing receipts, disbursements and assets on hand.
 {¶ 4} On November 14, 2002, appellant filed an inventory of trust assets, listing a 1991 Freightliner tractor truck valued at $4,500.00 and $313,946.21 on deposit in a checking account. He attached a bank statement indicating a balance of $236,051.51 in the checking account. On the same day, he also filed an application for authority to expend funds and an expenditure worksheet requesting $33,984.11 in expenditures. Included in that amount was $17,496.11 for a 2001 Ford Focus. On November 14, 2003, appellant filed an application for authority to expend funds for the beneficiary's wedding. He attached an expenditure worksheet indicating only a present balance in an interest-bearing checking account in the amount of $150,272.31.
 {¶ 5} On July 21, 2005, the probate court issued a citation, finding that an account was overdue and ordering appellant either to file an acceptable inventory by August 23, 2005, or appear before the court. The probate court asserted that appellant's failure to comply may result in an order, inter alia, to remove the *Page 3 
fiduciary. Appellant requested and received a continuance until September 23, 2005, to enable him to complete an accounting.
 {¶ 6} On September 29, 2005, a representative of Dawson Rieth Insurance Agency, Inc. notified the probate court that appellant had failed to pay the administrator's bond premium which was more than 60 days past due. On the same day, the probate court noticed appellant for a show cause hearing on contempt for his failure to comply with the court's previous order to file an account.
 {¶ 7} On October 4, 2005, appellant filed an account and itemized statement of all funds, assets and investments. The account indicated a trust balance of $293,958.79, including amounts on loans made/notes receivable. The statement indicated a total of $41,289.52 in two bank accounts, while the remaining $252,669.27 was reported as notes receivable. Of those, $214,134.66 were monies receivable from appellant personally or from his construction company. The probate court scheduled a hearing and review on the account.
 {¶ 8} On November 16, 2005, the magistrate issued a report on the account hearing, noting that the appellant's unapproved loans from the trust were discussed. The magistrate ordered appellant to brief the status of those loans and mortgages, after which a further review hearing would be scheduled. Appellant filed his trustee's status brief on December 19, 2005. *Page 4 
 {¶ 9} In his brief, appellant listed five properties titled to him personally. Four of those properties listed mortgages from him personally to himself as trustee, and one property listed a mortgage from the beneficiary and her fiancé to appellant as trustee. Appellant further listed two properties held in the name of his construction company, with a mortgage from his construction company to appellant as trustee.
 {¶ 10} Appellant explained that the promissory notes secured by the mortgages were originally for long term loans but that they had all been amended to provide that the due dates of the notes would be on or before the date on which the beneficiary attained the age of 25 years, the date the trust was scheduled to terminate. Appellant further explained that he used promissory notes to himself secured by various mortgages because he believed he would achieve a higher rate of return on the trust assets than if he invested the assets in current financial products available through banking institutions. He explained that he chose long term commitments because he did not want to distribute a lump sum to the beneficiary upon her attaining the age of 25 years because he knew that the beneficiary was not financially responsible. Appellant emphasized that he is the beneficiary's uncle who has raised her since the age of 3 years. He asserted that, based on his experience with her, he believed that the beneficiary would deplete the trust proceeds in a short period of time with no tangible assets to show for it. *Page 5 
 {¶ 11} On January 19, 2006, the probate court sua sponte scheduled a hearing on the removal of appellant as trustee of the trust for improper investment of trust assets and for failure to seek court approval for expenditures. The record does not indicate that the hearing went forward, but on March 7, 2006, the magistrate issued a report "following a review of the trustee's account and the Trustee's Status Brief addressing the trustee's actions." In the report, the magistrate recommended that appellant be removed as trustee for failing to manage trust assets as a prudent investor would in compliance with the standards and requirements of the Uniform Prudent Investor's Act. The magistrate found that appellant used a subjective, rather than the requisite objective, standard when investing the trust assets, and that appellant's actions in borrowing money from the trust for personal use created a conflict of interest.
 {¶ 12} Appellant timely filed objections to the magistrate's decision. Appellant argued, in part, that he be given the opportunity to have a full and complete hearing on the issue of his removal. Appellant appended his affidavit to his objections, in which he averred that he relied on the guidelines in the trust instrument in making investments of the trust assets and that he determined that the loans he made with the trust assets would generate a higher rate of return than other investment vehicles offered by various local financial institutions. He further averred that, based on his experience, the long term investment loans *Page 6 
would be in the best interest of the beneficiary who he believed would waste any lump sum payout of trust assets on "material items and non-necessary items."
 {¶ 13} The trial court scheduled a hearing on appellant's objections. The probate court issued a notice on April 27, 2006, indicating that the hearing was had on April 11, 2006.
 {¶ 14} On May 2, 2006, the probate court issued a judgment entry on the objections, adopting the magistrate's decision, findings and conclusions as its own. The probate court ordered that appellant be removed as trustee of the CNZ Trust pursuant to R.C. 2109.24. Appellant timely appeals, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION BY REMOVING APPELLANT, JOHN G. ZAFFER, AS TRUSTEE OF THE CNZ TRUST WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING ON THE TRUSTEE'S REMOVAL."
 {¶ 15} Appellant argues that the trial court abused its discretion by failing to hold a hearing before removing him as trustee of the CNZ Trust. This Court disagrees.
 {¶ 16} The decision whether to remove a trustee lies within the sound discretion of the probate court, and an appellate court will not reverse that decision absent a showing of a clear abuse of that discretion.Natl. City Bank, Dayton v. Peery (Nov. 8, 1995), 2d Dist. No. 15117. *Page 7 
 {¶ 17} R.C. 2109.24 governs the removal of fiduciaries, including trustees, and states, in relevant part:
 "If a fiduciary fails to make an inventory as required * * *, and if the failure continues for thirty days after the fiduciary has been notified by the court of the expiration of the relevant time, the fiduciary forthwith may be removed by the court * * *.
 "The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."
 {¶ 18} This Court has held:
 "R.C. 2109.24 does not mention any requirement for a hearing, and in fact does not mention any requirement for a motion. This Court, however, has surmised that due process may require a hearing prior to the removal of the fiduciary. In the Matter of the Estate of Kaviris v. Bowman (Jan. 14, 1987), 9th Dist. No. 12679. * * * In regard to the procedural mechanisms of hearings, this Court has stated: `It is acceptable practice for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded. 56 American Jurisprudence 2d (1971) Motions, Rules, and Orders, Sections 22 and 23, 18-19. There is no requirement that a hearing be conducted in a specific manner. It may indeed, be formal, with examination of witnesses and oral arguments. The requirement of a `hearing' may be satisfied when the judge requests submission of affidavits and/or briefs by a certain date. Or, , it may be had simply on the papers filed. The type of hearing to be had is discretionary with the judge.' Wilson v. Alside, Inc. (Apr. 10, 1985), 9th Dist. No. 11667." In re Estate of Howard, 9th Dist. No. 05CA008730, 2006-Ohio-2176, at ¶ 13.
 {¶ 19} In this case, the magistrate noted in his report out of the hearing and review on the account that the "trustee's unapproved loans from the trust were discussed." The magistrate then ordered appellant to file a brief regarding the *Page 8 
status of those loans. Appellant addressed not only the status of the loans, but also his justifications for loaning trust assets to himself and his business, as well as his impressions based on personal experience with the beneficiary regarding her competency regarding financial management matters. Accordingly, appellant used his brief to justify his actions as trustee of the CNZ Trust. After appellant filed his brief, the probate court sua sponte set a hearing on appellant's removal as trustee.
 {¶ 20} Almost two months later after appellant knew that the court would be considering his removal, the magistrate issued his report upon a review of the trustee's account and his brief, recommending the removal of appellant as trustee. Appellant timely objected and the probate court scheduled the matter for a hearing. Appellant appended his own affidavit to his objections. The probate court further gave appellant the opportunity to submit an affidavit of the beneficiary regarding her approval of appellant's actions in managing and investing the trust assets. Appellant failed to submit such an affidavit. The probate court further noted in an entry that a hearing was had on appellant's objections. The court later issued its judgment entry adopting the magistrate's report and ordering appellant's removal. Under these circumstances, this Court finds that these events satisfied the requirements of notice and a due process hearing on the removal. SeeIn re Connell (Aug. 24, 1995), 8th Dist. No. 68261. Appellant's first assignment of error is overruled. *Page 9 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION BY REMOVING APPELLANT, JOHN G. ZAFFER, AS TRUSTEE OF THE CNZ TRUST BY BASING HIS REMOVAL ON THE APPLICATION OF THE UNIFORM PRUDENT INVESTOR'S ACT, RATHER THAN BY APPLICATION OF THE TERMS CONTAINED IN THE TRUST INSTRUMENT ITSELF."
 {¶ 21} Appellant argues that the probate court abused its discretion by removing appellant as trustee because the terms of the trust supersede the provisions of the Uniform Prudent Investor's Act, the trust provided appellant with absolute authority to invest the trust assets, and the probate court found no dishonesty or abuse of discretion by the trustee. This Court finds appellant's argument to be without merit.
 {¶ 22} We reiterate that the decision whether to remove a trustee lies within the sound discretion of the probate court, and an appellate court will not reverse that decision absent a showing of a clear abuse of that discretion. Peery, supra. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. *Page 10 
 {¶ 23} The probate court removed appellant as trustee upon its finding that appellant used a subjective standard in his investment of trust assets, rather than an objective standard as required pursuant to the Uniform Prudent Investor's Act. This Court finds that the trial court did not err by removing appellant as trustee, albeit on alternate grounds. We have stated:
 "It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Further, this Court has held that `an appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial.' (Citation omitted.) Cook Family Invests. v. Billings, 9th Dist. Nos. 05CA008689 05CA008691, 2006-Ohio-764, at ¶ 19." Schaaf v. Schaaf, 9th Dist. No. 05CA0060-M, 2006-Ohio-2983, at ¶ 19.
 {¶ 24} Again, R.C. 2109.24 governs the removal of fiduciaries, including trustees, and states, in relevant part:
 "If a fiduciary fails to make an inventory as required * * *, and if the failure continues for thirty days after the fiduciary has been notified by the court of the expiration of the relevant time, the fiduciary forthwith may be removed by the court * * *.
 "The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."
 {¶ 25} The probate court did make the finding that appellant created a conflict of interest by borrowing money from the trust for his personal use. This *Page 11 
Court finds that such conflict of interest presents sufficient grounds to affirm the probate court's removal of appellant as trustee.
 {¶ 26} R.C. 2109.43 expressly prohibits the personal use of trust property, stating: "No fiduciary shall make any personal use of the funds or property belonging to a trust." R.C. 2109.44 places additional restrictions on a trustee's personal dealings with the trust estate, stating in relevant part: "Fiduciaries shall not buy from or sell to themselves and shall not have in their individual capacities any dealings with the estate, except as expressly authorized by the instrument creating the trust and then only with the approval of the probate court in each instance."
 {¶ 27} Although the trust provides that the trustee may hold real property as an investment for the beneficiary, it does not provide that the trustee may do so in his individual capacity. In his status brief, appellant enumerated numerous properties titled personally in appellant or his construction company and purchased with CNZ Trust assets. Appellant and his company, as mortgagors, were obligated to pay off promissory notes to appellant within his capacity as trustee, who was the mortgagee. In the case of default, appellant would have to decide whether to foreclose within his capacity as trustee on himself within his personal capacity. In addition, appellant bought the properties titled in him and his company personally with trust assets without prior approval of the probate *Page 12 
court. In fact, appellant "invested" the vast majority of the trust assets in this way without even notification to the probate court.
 {¶ 28} R.C. 2109.303 mandates that trustees render an account of the trust at least once every two years. The CNZ Trust requires the same by its own terms. The account must contain an itemized statement of all receipts, disbursements and distributions, verified by vouchers of proof. R.C. 2109.303. The account must also contain an itemized statement of all funds, assets and investments. In this case, appellant failed to file an account until almost three years after the filing of the initial inventory, and then only after the probate court issued a citation that the account was overdue.
 {¶ 29} Under these circumstances, this Court finds that the probate court did not abuse its discretion by removing appellant as trustee of the CNZ Trust pursuant to R.C. 2109.24 due to appellant's conflict of interest and self-dealing in regard to the trust assets, as well as his failure to file an account disclosing such actions; because the interest of the trust demanded appellant's removal. Appellant's second assignment of error is overruled.
 III. {¶ 30} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed. *Page 13 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1