[Cite as *Pollock v. Mullins*, 2024-Ohio-3423.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| CAROL POLLOCK, INDIVIDUALLY AND AS TRUSTEE, et al. | : | |
| | : | |
| | : | C.A. No. 30057 |
| Appellees | : | |
| | : | Trial Court Case No. 2023 MSC 00342 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| LARRY R. MULLINS, et al. | : | Probate Division) |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 6, 2024

. . . . . . . . . . .

CHRISTINE M. HAAKER, ASHLEY A. WEYENBERG, & JORDAN L. SAVORY, Attorneys for Appellant

JEFFREY T. COX, STEPHEN A. WEIGAND, MELINDA K. BURTON, & MORGAN K. NAPIER, Attorneys for Appellees

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Larry R. Mullins appeals from a judgment of the Montgomery County Common Pleas Court, Probate Division, removing him as trustee of the Roger S. Glass Revocable Living Trust. For the reasons set forth below, we affirm.

## I.     Factual and Procedural History

**{¶ 2}** Mullins was married to Roger Glass, who died in August 2022.   Prior to his death, Glass executed various estate planning documents including a will and two trusts.

**{¶ 3}** Glass first executed a February 2022 will which appointed Mullins as executor.   The will devised Glass's residuary estate to Mullins.

**{¶ 4}** Glass also executed a "Fourth Amended and Restated Revocable Living Trust Agreement" ("Living Trust") on March 22, 2022.   According to Schedule A attached to the trust, the trust estate consisted of a mix of voting and non-voting stock in Marene, Inc., as well as an Ameriprise Brokerage Account.   The beneficiaries of the trust were Roger Glass's nieces, Kristen Pollock, Elizabeth Pollock, and Meredith Pollock.   Upon the death of Roger Glass, Mullins became the trustee of the Living Trust.    Relevant hereto, the trust stated:

(A) The Grantor has [also] created the Roger S. Glass Stock Trust dated March 22, 2022, to hold his shares of stock in Marene, Inc., an Ohio Corporation.   Since the stock being distributed to the beneficiaries of the Roger S. Glass Stock Trust is closely-held corporate stock which is not readily liquidated or marketable or convertible to cash, it is the obligation of the Trustee of this Trust to pay all applicable federal estate taxes which are attributed to the value of the stock included as part of the Grantor's taxable estate.   The Trustee shall use the funds in the Trust Estate to pay all applicable estate taxes, costs of administration, debts and claims prior to

distribution pursuant to paragraph B.

(B) Upon the Grantor's death, and after payment of all applicable taxes, claims of administration, debts and expenses, the Trustee shall distribute the Trust Estate to the Grantor's nieces, to-wit, Kristen Pollock, Elizabeth Pollock, and Meredith Pollock, in equal shares, or to the survivors of them.

{¶ 5} Glass also executed the Roger S. Glass Stock Trust ("Stock Trust") on March 22, 2022. Under that trust, upon his death, Glass's sister Carol Pollock became the trustee. The trust provided that the Marene Inc. stock would be held as a separate Trust solely for the benefit of Glass during his lifetime. The trust further provided that upon his death, the voting stock would be distributed in equal shares to Kristin and Elizabeth Pollock, and the non-voting stock would be equally distributed to Kristin, Elizabeth, and Meredith Pollock.

{¶ 6} At some point following the death of Roger Glass, Mullins made a determination that the Marene stock had not been transferred into either trust and that it had become a part of Glass's estate, which thus passed exclusively to Mullins.

{¶ 7} On July 25, 2023, Carol Pollock and her three daughters ("the Pollocks") filed suit against Mullins for specific performance, injunctive relief, damages, and removal of Mullins as trustee of the Living Trust. Mullins filed a counterclaim seeking a declaratory judgment that he was the sole beneficiary of Glass's 2022 will, that the shares of Marene stock passed through the estate, and that, as such, he was the legal owner of those shares. On September 23, 2023, the Pollocks filed a motion to remove Mullins as trustee of the Living Trust. Following the hearing, the probate court issued a judgment removing

Mullins as trustee.

{¶ 8} Mullins appeals.

## II. Due Process Arguments

{¶ 9} The first and second assignments of error state as follows:

THE PROBATE COURT ERRED IN CONSIDERING NEW HEARING ARGUMENTS NOT PRESENTED IN APPELLEES' MOTION TO REMOVE LARRY MULLINS AS TRUSTEE IN RENDERING ITS DECISION ON THAT MOTION.

THE PROBATE COURT ERRED IN REFUSING TO CONSIDER APPELLANTS' EVIDENCE AND ARGUMENTS IN OPPOSITION TO APPELLEES' NEW HEARING ARGUMENTS IN RENDERING ITS DECISION ON THE MOTION.

{¶ 10} Mullins claims the probate court violated his right to due process by permitting the Pollocks to raise issues during the hearing that were not contained in the motion to remove him as trustee. Specifically, Mullins contends the "removal motion, including briefing, was based on the alleged failure of Mr. Mullins to transfer the [Marene] Shares (despite the ownership issues). However, at the later Removal Hearing, [the Pollocks] introduced the New Arguments surrounding Mr. Mullins['s] alleged failure to provide [the beneficiaries] a copy of the 2022 Revocable Trust and information on the Ameriprise account." In conjunction with this argument, Mullins contends that the court erred by failing to consider the evidence set forth in his post-hearing brief, which he claims

rebutted the allegations surrounding whether he had provided the beneficiaries with information about the trust and the Ameriprise account.

{¶ 11} We first note that the complaint, which expressly sought to have Mullins removed as trustee, stated that Mullins had failed to keep the beneficiaries properly informed about the administration of the trust and the material facts necessary for them to protect their interests in violation of R.C. 5808.03(A).   It further alleged that Mullins had violated his duty to notify the beneficiaries of his acceptance of the trusteeship and his duty to provide them with his contact information in violation of R.C. 5808.03(B)(2). Finally, the complaint alleged that Mullins had failed to notify the beneficiaries of the "trust's existence, of the identity of the settlor or settlors, of the right to request a copy of the trust instrument, and of the right to a trustee's report * * *."   R.C. 5808.13(B)(3).

{¶ 12} Although the motion to remove did not cite the above-referenced statutory duties, it did state that Mullins had violated his duties to the trust beneficiaries.   It further stated that he had "persistently failed" to administer the trust and that he had shown that he did not intend to perform the duties imposed by law upon trustees.   The motion also stated that Mullins had committed a breach of trust as defined under R.C. 5810.01.[1]

{¶ 13} In its judgment, the probate court noted Mullins's argument in his post-hearing brief that the Pollocks improperly raised new arguments during the hearing. However, the court stated that it did not "interpret [the Pollocks'] argument regarding failure to keep beneficiaries informed as 'new' or surprising."   We agree.

---

[1] R.C. 5810.01 provides that the "violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust" which may be remedied by the removal of the trustee as provided in R.C. 5807.06.   See R.C. 5810.01(A) and (B)(7).

{¶ 14} The motion to remove contained language sufficient to inform Mullins of the claim that he had failed to meet his duties as trustee.   Further, the complaint set forth with specificity the duties Mullins allegedly failed to fulfill.   Thus, Mullins's claim that he was ambushed by "new" arguments lacks merit.   Moreover, Mullins, as trustee, should have been aware at the time of the hearing, and been able to confirm, whether he had complied with his statutory duties as trustee.   As stated by the probate court, R.C. 5808.13 imposes statutory duties upon trustees, and "any trustee that argues otherwise probably should not be serving as a trustee."

{¶ 15} Because we conclude that the Pollocks did not raise any new arguments during the hearing on the motion to remove, we conclude that Mullins's claim that the court should have considered the rebuttal evidence raised in his post-hearing brief is without merit.   Further, even had the court considered his "rebuttal" evidence, there was nothing in the post-trial brief or the affidavit attached thereto to support the claim that Mullins had complied with his statutory duties to the beneficiaries.

{¶ 16} The first and second assignments of error are overruled.

### III.    Probate Court's Decision

{¶ 17} Mullins asserts the following as his third and fourth assignments of error:

THE PROBATE COURT ERRED BY GRANTING APPELLEES' MOTION TO REMOVE LARRY MULLINS AS TRUSTEE FOR PURPORTEDLY FAILING TO ADMINISTER THE GLASS TRUST EFFECTIVELY UNDER R.C. 5807.06(B)(3).

THE PROBATE COURT ERRED BY GRANTING APPELLEES' MOTION TO REMOVE LARRY MULLINS AS TRUSTEE FOR PURPORTEDLY COMMITTING A SERIOUS BREACH OF TRUST UNDER 5807.06(B)(1).

{¶ 18} Mullins contends the court's decision to remove him as trustee was not supported by the evidence.

{¶ 19} R.C. 5807.06 provides, in pertinent part:

(B) The court may remove a trustee for any of the following reasons:

(1) The trustee has committed a serious breach of trust;

. . .

(3) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries.

{¶ 20} "The removal of a trustee is generally considered a drastic action and the party seeking to remove a trustee must show a basis for removal by clear and convincing evidence." *Tomazic v. Rapoport*, 2012-Ohio-4402, ¶ 33 (8th Dist.), citing *Diemert v. Diemert*, 2003-Ohio-6496, ¶ 15-16 (8th Dist.); *Kidd v. Alfano*, 2016-Ohio-7519, ¶ 34 (2d Dist.). "The decision whether to remove a trustee lies within the sound discretion of the probate court, and an appellate court will not reverse that decision absent a showing of a clear abuse of that discretion." *Ulinski v. Byers*, 2015-Ohio-282, ¶ 14 (9th Dist.) citing *In re Trust Estate of CNZ Trust*, 2007-Ohio-2265, ¶ 16 (9th Dist.). An abuse of discretion occurs when the decision demonstrates the trial court's attitude is unreasonable, arbitrary,

or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 21}** We begin with the claim that the evidence did not support removal for a serious breach of trust under R.C. 5807.06(B)(1).   As stated above, R.C. 5810.01(A) provides that a breach of trust occurs when a trustee violates a duty owed to a beneficiary. In determining what constitutes a "serious" breach of trust, this court has noted that "the term 'serious' is not defined in R.C. 5807.06[,] . . . and there is scant case law discussing the term."   *Kidd* at ¶ 34.   In further discussion of the definition, this court stated:

R.C. 5807.06 is Ohio's version of Uniform Trust Code § 706. Although the entire uniform section was not adopted, the Ohio "serious breach of trust" reason for removal of a trustee is the same as the uniform code. The official comment to the 2006 version of the Uniform Code states:

[N]ot every breach of trust justifies removal of the trustee. The breach must be "serious." A serious breach of trust may consist of a single act that causes significant harm or involves flagrant misconduct. A serious breach of trust may also consist of a series of smaller breaches, none of which individually justify removal when considered alone, but which do so when considered together. A particularly appropriate circumstance justifying removal of the trustee is a serious breach of the trustee's duty to keep the beneficiaries reasonably informed of the administration of the trust or to comply with a beneficiary's request for information as required by Section 813. Failure to comply with this duty may

make it impossible for the beneficiaries to protect their interests. It may also mask more serious violations by the trustee.

*Kidd* at ¶ 37.

{¶ 22} R.C. 5808.13, which sets forth duties of a trustee, provides:

(A) A trustee shall keep the current beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. . . .

(B) A trustee shall do all of the following:

(1) Upon the request of a beneficiary, promptly furnish to the beneficiary a copy of the trust instrument. . . .

(2) Within sixty days after accepting a trusteeship, notify the current beneficiaries of the acceptance and of the trustee's name, address, and telephone number;

(3) Within sixty days after the date the trustee acquires knowledge of the creation of an irrevocable trust, or the date the trustee acquires knowledge that a formerly revocable trust has become irrevocable, whether by the death of the settlor or otherwise, notify the current beneficiaries of the trust's existence, of the identity of the settlor or settlors, of the right to request a copy of the trust instrument, and of the right to a trustee's report as provided in division (C) of this section;

. . .

(C) A trustee of a trust that has a fiscal year ending on or after January 1,

2007, shall send to the current beneficiaries, and to other beneficiaries who request it, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets, and, if feasible, the trust assets' respective market values. . . .

{¶ 23} At the hearing, evidence was presented that Mullins, as trustee, had failed to advise the beneficiaries about the existence of the trust or their right to request a copy of the trust document and the trustee's reports. He failed to provide them with notification of his acceptance of the trusteeship or his contact information. He further failed to keep them "reasonably informed about the administration of the trust" or of any material facts necessary for them to protect their interests. Although Mullins argues that both Carol Pollock and the attorney for Marene were aware of all the above, there is no indication that the actual beneficiaries were provided such information.

{¶ 24} Further, it is not even clear whether Mullins has taken any steps in the administration of the trust. At the very least, Mullins does not contest that the Ameriprise account is an asset of the trust. Thus, regardless of the dispute regarding the Marene stock, he should have taken steps to administer this asset. Yet Mullins was unable to provide information regarding that account other than to testify that it was being held by his financial advisor. He presented no competent evidence that he had taken any steps to provide the beneficiaries any information about that account.

{¶ 25} The record demonstrates that Mullins failed to meet his statutory duties as trustee. As such, we cannot conclude that the probate court abused its discretion in

removing him as Trustee of the Living Trust.     Accordingly, the third and fourth assignments of error are overruled.

## IV.     Conclusion

**{¶ 26}** All of Mullins's assignments of error being overruled, the judgment of the probate court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.