[Cite as *In re Disinterment of Glass*, 2025-Ohio-5433.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN RE: DISINTERMENT OF IRENE J. GLASS, DECEASED | : | C.A. No. 30565 |
| | : | |
| IN RE: DISINTERMENT OF MARION J. GLASS, DECEASED | : | Trial Court Case Nos. 2020 MSC 00382; 2020 MSC 00383 |
| | : | |
| | : | (Appeal from Common Pleas Court- Probate Division) |
| | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 5, 2025, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

OPINION

CHRISTINE M. HAAKER, ASHLEY A. WEYENBERG, JAMES L. BUTLER, JORDAN L. SAVORY, JUSTIN T. ELKIN, and BRIANNA D. VOLLMAN, Attorneys for Appellant

JEFFREY T. COX, STEPHEN A. WEIGAND, MELINDA K. BURTON, and MORGAN K. NAPIER, Attorneys for Appellees

TUCKER, J.

{¶ 1} Movant-Appellant Larry Mullins, as the executor of the estate of Roger S. Glass, appeals from the judgment of the Montgomery County Common Pleas Court, Probate Division, denying his motion for an order of relief from a stipulated protective order ("protective order"). For the reasons set forth below, we reverse.

## I.     Factual and Procedural Background

{¶ 2} This case involved the 2020 actions filed by Roger Glass to disinter his parents, Marion and Irene Glass, for the purpose of reinterring them in a family mausoleum. Roger's sisters, Carol Pollack and Kathleen Glass, were also parties to the actions, which were ultimately consolidated. Roger and Carol were deposed in March 2021. In June 2021, the parties executed the protective order, which prevented the disclosure of litigation materials, including deposition testimony.

{¶ 3} A trial was conducted in August 2022. Roger died on August 24, 2022, a few days after the trial. Roger's husband, Larry Mullins, as executor of Roger's estate, was substituted as a party to the action. On January 18, 2023, the probate court rendered judgment permitting disinterment, and this court affirmed. *See In re Disinterment of Glass*, 2023-Ohio-3509 (2d Dist.), *appeal not accepted*, 2024-Ohio-163.

{¶ 4} In July 2023, Carol Pollock and her two daughters initiated a separate action against Mullins in the probate court. The suit sought, among other things, to have Mullins

removed as trustee of Roger's trust. In December 2023, the probate court issued a judgment removing Mullins as trustee. This court affirmed. *Pollock v. Mullins*, 2024-Ohio-3423 (2d Dist.).

{¶ 5} The parties continued to conduct discovery on the remaining claims, which generally speaking centered on the disposition of Roger's shares in Marene, Inc., a closely held corporation doing business as Marion's Piazza. In January 2025, the probate court judge issued an order recusing himself from the case and transferring the matter to the general division of the Montgomery County Common Pleas Court. The case is set for trial in March 2026.

{¶ 6} In June 2025, Mullins filed a motion in the probate court seeking relief from and modification of the protective order, so in the pending stock disposition case he can file and potentially use portions of Roger's and Carol's deposition testimony from the disinterment action. Mullins's motion sought modification of the protective order's restrictions regarding pages 8, 9, 12, 13, 22, 29, 82, and 83 of Roger's March 30, 2021 deposition and pages 65, 66, 67, and 68 of Carol's March 29, 2021 deposition. The testimony concerns Roger's and Carol's understanding of the ownership of Roger's Marene stock at the time of their depositions. The probate court overruled Mullins's motion.

{¶ 7} Mullins's timely appeal followed.

## II. Analysis

{¶ 8} Mullins asserts the following three assignments of error:

1. The Probate Court erred when it applied an incorrect standard to deny Appellant's request for relief from/to modify a protective order, for good cause shown, to allow specifically identified excerpts of the sworn testimony of decedent Roger Glass and Carol Pollock—that, as of March 2021, decedent

3

did not have in place any estate planning to leave his shares in Marene, Inc. to Carol Pollock or anyone in her family—to be re-designated as not confidential.

2.     The Probate Court erred when it applied an incorrect standard to deny Appellant's request for relief from/to modify a protective order, for good cause shown, to alternatively allow Appellant, as decedent's Executor, to re-designate the specifically identified excerpts of sworn testimony of decedent Roger Glass and Carol Pollock regarding decedent's own information regarding his estate planning as not confidential.

3.     The Probate Court erred when it applied an incorrect standard to deny Appellant's request for relief from/to modify a protective order, for good cause shown, to, in the further alternative, allow the specifically identified excerpts of 2021 sworn testimony of decedent Roger Glass and Carol Pollock to be filed under seal and used in a separate litigation regarding decedent's estate planning and brought by Carol Pollock, wherein she makes allegations regarding decedent Roger Glass' estate planning that are directly contrary to that 2021 testimony.

{¶ 9} Since the assignments of error are interrelated, we discuss them together. We first address the argument that the probate court utilized an incorrect standard in deciding Mullins's motion. In its decision the court stated, "[a]lthough it is unclear to this Court what legal mechanism Mr. Mullins is attempting to utilize in seeking his requested relief after judgment . . . , this Court assumes Civ.R. 60(B) Relief from Judgment is the means." Despite this statement and the inclusion of the standard for determining a Civ.R. 60(B) motion for

4

relief from judgment, the probate court's decision did not conduct such an analysis. Instead, the court merely stated that Mullins had failed to meet his burden under Civ.R. 60(B).

{¶ 10} The protective order allowed a party to seek its modification, and the probate court's jurisdiction over the order extended beyond the completion of the disinterment litigation. Mullins was seeking modification of the protective order, not vacation of a final judgment. Civ.R. 60(B) provides the means to challenge a final judgment, so it was irrelevant to the analysis. Instead, modification of the protective order was left to the probate court's discretion, and our review standard is whether the probate court abused that discretion. *Brigadier Constr. Servs. L.L.C. v. JLP Glass Prods., Inc.*, 2013-Ohio-825, ¶ 25 (8th Dist.).

{¶ 11} A court abuses its discretion when a decision is unreasonable, arbitrary, or unconscionable. *Abrams v. Abrams*, 2017-Ohio-4319, ¶19 (2d Dist.), citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 65 Ohio St.2d 10, 11 (1981). In most instances, the analysis turns on whether the decision is unreasonable. A decision is unreasonable when "there is no sound reasoning process that would support that decision." *Id.*, quoting *AAAA Ents.* at 11.

{¶ 12} The probate court erred in its use of an incorrect standard. This would usually require a remand to allow review under the correct standard. But having reviewed the record, we conclude that as a matter of law, any decision that would not permit Mullins's requested modification would be an abuse of discretion.

{¶ 13} A primary dispute in the pending litigation is whether Roger, at the time of his death, owned Marene stock or had instead assigned, transferred, and delivered the stock to a trust known as the Glass Trust. Mullins asserts that the stock was not transferred. Carol, on the other hand, posits that a transfer to the Glass Trust occurred and that the Glass Trust

5

is obligated to transfer the stock to a second trust known as the Stock Trust, with this transfer being for the benefit of Carol's daughters.

{¶ 14} The pending litigation is a family dispute involving Mullins, as Roger's surviving spouse; Roger's sisters, Kathleen and Carol; and Carol's daughters. Nothing about this familial dispute is secret or confidential as to the family members. Moreover, Roger's and Carol's deposition testimony is arguably relevant to the pending litigation. These factors convince us that any decision that would deny modification of the protective order so the deposition testimony can be filed under seal in the pending stock litigation would be unreasonable and an abuse of discretion. Mullins's assignments of error are sustained. In reaching this conclusion, we express no opinion regarding the relevance, use, or admissibility of the deposition testimony in the stock disposition case. Those issues are left to the discretion and determination of the court in that case.

### III.    Conclusion

{¶ 15} Mullins's assignments of error being sustained, the judgment of the probate court is reversed and remanded with instructions to permit Mullins to file, under seal, the requested deposition material with the general division of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.

6