[Cite as *Gorby v. Aberth*, 2017-Ohio-274.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

RACHEL CAVANAUGH GORBY, et al.

    Appellants

    v.

JOEL R. ABERTH, et al.

    Appellees

C.A. No.      28021

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2013-CV-114

DECISION AND JOURNAL ENTRY

Dated: January 25, 2017

HENSAL, Judge.

{¶1} Plaintiffs-Appellants, Rachel Cavanaugh Gorby and Robert Donnan Cavanaugh, appeal from a judgment of the Summit County Court of Common Pleas, Probate Division. This Court affirms.

I.

{¶2} This appeal involves a dispute between the beneficiaries of a trust and the trustee. Dr. Richard K. Cavanaugh died testate on April 6, 2012, and was survived by his two adult children. Attorney Joel Aberth, Defendant-Appellee herein, is the executor of Dr. Cavanaugh's estate. The probate court admitted Dr. Cavanaugh's will to probate in May 2012. The will contained two specific bequests and a residual bequest to the Richard K. Cavanaugh Revocable Trust, which named his children, Plaintiffs-Appellants Rachel Cavanaugh Gorby and Robert Donnan Cavanaugh (the "Beneficiaries"), as income beneficiaries, and the University of San Francisco (a non-party to the proceedings below and to this appeal) as the remainder beneficiary.

The trust named Mr. Aberth, Dr. Cavanaugh's longtime attorney, as the first successor trustee. The majority of the trust's assets are held in an account with the wealth management firm Robert Baird & Company. The trust also contains U.S. savings bonds valued at $60,000, and a FirstMerit checking account containing around $9,000.[1]

{¶3} In July 2014, Mr. Aberth filed an accounting of the estate, and the Beneficiaries filed exceptions. Thereafter, the Beneficiaries sued Mr. Aberth, alleging breach of trust and breach of fiduciary duty, requesting his removal as the trustee and executor, and an accounting. The magistrate consolidated the estate case with the trust case for purposes of judicial economy.

{¶4} After a five-day hearing, the magistrate found in favor of Mr. Aberth on all of the Beneficiaries' claims, and the Beneficiaries timely filed objections. The Beneficiaries made several arguments in support of their position that Mr. Aberth committed a serious breach of the trust, warranting his removal. In particular, they argued that Mr. Aberth failed to: (1) distribute income to them on a quarterly or more frequent basis as required under the trust; (2) keep them reasonably informed and promptly respond to their requests for information; (3) inform them regarding his compensation; (4) comply with the annual reporting requirements under Revised Code Section 5808.13(C); and (5) use his special skills as an attorney in his capacity as trustee as required under Section 5808.06. The Beneficiaries also argued that Mr. Aberth engaged in self-dealing. The Beneficiaries further argued that, even if each individual breach did not amount to a serious breach, the series of breaches constituted a serious breach of the trust, and that Mr. Aberth's conduct resulted in a persistent failure to administer the trust effectively.

---

[1] The record indicates that the trust originally held a PNC account containing approximately $90,000, which was later transferred to a different account.

{¶5}    The probate court overruled the Beneficiaries' objections and adopted the magistrate's decision.  In doing so, the probate court held that the Beneficiaries failed to prove by clear and convincing evidence that Mr. Aberth breached his duties as the trustee or executor. It further held that the Beneficiaries failed to demonstrate any harm that would give rise to an award of damages. The probate court did, however, acknowledge that Mr. Aberth committed a technical breach of the trust when he paid court fees with an IOLTA check when no funds from the trust were in the IOLTA account.  It further acknowledged a delay with respect to Mr. Aberth's first income distribution to the Beneficiaries, as well as a delay in issuing his first report, but noted that the delays were explainable and did not warrant removal.   The Beneficiaries now appeal the probate court's decision, assigning five assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE PROBATE COURT ERRED AS A MATTER OF LAW WHEN IT
CONSIDERED PAROL EVIDENCE AND HEARSAY IN INTERPRETING
THE TRUST DOCUMENTS.

{¶6}    In their first assignment of error, the Beneficiaries argue that the probate court erred as a matter of law when it considered parol evidence and hearsay while interpreting the trust documents.   More specifically, the Beneficiaries argue that the probate court erred by relying on Mr. Aberth's testimony regarding Dr. Cavanaugh's wishes with respect to the trust, namely, that Dr. Cavanaugh wanted Mr. Finkes (Dr. Cavanaugh's financial advisor) to continue as the trust's financial advisor, and that Dr. Cavanaugh wanted to prevent Mr. Fogg (Dr. Cavanaugh's ex-wife's boyfriend) from interfering with the trust.  The Beneficiaries argue that "[i]f Dr. Cavanaugh desired Mr. Finkes' continued managing of the Trust's assets or wanted the

trustee to exclude Mr. Fogg from the decision-making process, one would have expected that the Trust documents would reflect those wishes."

{¶7} As an initial matter, we note that the Beneficiaries called Mr. Aberth and Mr. Finkes as witnesses and, therefore, their cross examinations occurred before their direct examinations. Mr. Finkes, who testified before Mr. Aberth, testified on cross examination that Dr. Cavanaugh told him that he wanted him to continue as the financial advisor for the trust. Mr. Aberth then testified on cross examination that Dr. Cavanaugh was concerned about others, particularly Mr. Fogg, attempting to control his assets and insisted that Mr. Aberth serve as the trustee to protect the trust. Thereafter, on direct examination, Mr. Aberth similarly testified that Dr. Cavanaugh wanted to keep the trust safe from outside influences and that Dr. Cavanaugh wanted Mr. Finkes to serve as the trust's financial advisor.

{¶8} Counsel to the Beneficiaries objected to Mr. Aberth's testimony on the basis of hearsay and parol evidence, which the probate court overruled. On appeal, the Beneficiaries argue that by relying on this testimony, the probate court erroneously used parol evidence to modify the trust documents, and then used those modifications to justify Mr. Aberth's behavior. The Beneficiaries further argue that this testimony constituted inadmissible hearsay because it was not offered to rebut testimony as required under Evidence Rule 804(B)(5).

{¶9} Our review of the record indicates that Mr. Aberth's testimony regarding Dr. Cavanaugh's concern about Mr. Fogg and other outside influences was, in fact, first elicited by counsel to the Beneficiaries. Specifically, counsel to the Beneficiaries elicited the following testimony from Mr. Aberth on cross examination:

> Q: Mr. Aberth, why haven't you resigned as the trustee and the executor, considering all the friction with the family?

A: I made a promise to Dr. Cavanaugh, which he implored that I serve as trustee, because he was very, very concerned about people -- namely, Mr. Fogg -- trying to -- to control his assets. * * *.

{¶10} Additionally, counsel to the Beneficiaries first elicited testimony regarding Dr. Cavanaugh's wishes with respect to Mr. Finkes serving as the trust's financial advisor. In this regard, during his cross examination, Mr. Finkes testified as follows:

Q: Were you pretty happy with getting to keep the account for Dr. Cavanaugh?

A: It was Dr. Cavanaugh's wishes. That's what he indicated to me.

{¶11} Although these issues were subsequently addressed on direct examination, the Beneficiaries cannot now complain of testimony that their counsel first elicited. "Under the doctrine of invited error, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *State v. McCombs*, 9th Dist. Summit No. 22837, 2006-Ohio-3289, ¶ 13. Thus, because the Beneficiaries' counsel induced the allegedly improper testimony, they cannot now take advantage of any error in that regard. *Id.* Accordingly, the Beneficiaries' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE PROBATE COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED NO SERIOUS BREACH OF THE TRUST OCCURRED.

{¶12} In their second assignment of error, the Beneficiaries argue that the probate court erred as a matter of law when it concluded that Mr. Aberth did not commit a serious breach of the trust. They argue that: (1) the probate court mistakenly believed that the Beneficiaries had to demonstrate that they suffered economic harm as a result of the alleged breaches; (2) the probate court failed to consider whether Mr. Aberth's unexplained delay in taking control of the trust's assets, failure to respond to the Beneficiaries' requests for information, and failure to fulfill his statutory duties all constituted unfitness, unwillingness, or persistent failure to administer the

trust effectively under Section 5807.06(B)(3); (3) Mr. Aberth committed a breach of the trust by failing to distribute income on a quarterly or more frequent basis; (4) Mr. Aberth committed a serious breach of the trust by failing to keep the Beneficiaries reasonably informed under Section 5808.13(A); (5) Mr. Aberth failed to comply with the annual reporting requirements under Section 5808.13(C); (6) Mr. Aberth engaged in self-dealing as prohibited under Section 5808.02(C)(4); and (7) Mr. Aberth failed to use his special skills as an attorney as required under Section 5808.06.

**{¶13}** In light of the number of issues presented in the Beneficiaries' second assignment of error, we will address each issue in turn, but will address their first argument (i.e., that the trial court mistakenly believed that the Beneficiaries had to demonstrate that they suffered economic harm as a result of the alleged breaches) last.

**{¶14}** As noted above, the Beneficiaries argue that the probate court failed to consider whether Mr. Aberth's conduct constituted unfitness, unwillingness, or persistent failure to administer the trust effectively under Section 5807.06(B)(3). Instead, they argue, the probate court only considered whether Mr. Aberth committed a serious breach of the trust under Section 5807.06(B)(1). We disagree.

**{¶15}** A review of the probate court's order indicates that it did, in fact, consider and apply Section 5807.06(B)(3). The probate court specifically noted that the Beneficiaries "allege[d that Mr. Aberth] should be removed pursuant to R.C. 5807.06(B)(1) and (B)(3)" and stated that "[a]bsent 'serious breaches of trust' or [Mr. Aberth's] 'unfitness, unwillingness and persistent failure to administer the trust effectively' [Mr. Aberth] should continue to serve as trustee[.]" Thus, the record does not support the Beneficiaries' argument that the probate court did not consider Section 5807.06(B)(3).

**{¶16}** Next, the Beneficiaries argue that Mr. Aberth committed a breach of the trust by failing to distribute income on a quarterly or more frequent basis, and that the probate court erred by holding otherwise. There is no dispute that the trust required Mr. Aberth to distribute income to the Beneficiaries at least quarterly, and that the Beneficiaries did not receive their first income payment until November 7, 2012. Addressing the seven-month delay between Dr. Cavanaugh's death (April 6, 2012) and the first income payment, the probate court noted that Mr. Aberth testified that he waited until the statute of limitations for a will contest had expired and until he received information regarding Dr. Cavanaugh's out-of-state real estate (which he received in September 2012) before making any income payments. The probate court found that this delay was "prudent and in the best interest of the trust." The Beneficiaries argue that the probate court's holding is wrong as a matter of law because Mr. Aberth had no obligation to pay debts of the estate with trust assets.

**{¶17}** While the Beneficiaries are correct in noting that the trust did not require Mr. Aberth to pay debts of the estate with trust assets, they concede that Article III of the trust gave him discretion to do so. Further, Article III provides that "[t]he Trustee shall administer as hereafter provided all the *remaining* trust property * * *." (Emphasis added.) The following section, Article IV, provides that "the Trustee shall hold and invest and reinvest all the *remaining* trust property as one fund, and the Trustee shall pay one-half of the net income therefrom to * * * [the Beneficiaries] quarterly or oftener." When considered together, these sections contemplate that the trustee has discretion to pay debts of the estate prior to commencing income payments to the Beneficiaries. We, therefore, find no error in the probate court's holding that Mr. Aberth's decision to delay making the first income payments until the will contest period expired did not result in a breach of the trust.

**{¶18}** Next, the Beneficiaries argue that Mr. Aberth committed a serious breach of the trust by failing to keep them reasonably informed and by failing to promptly respond to requests for information as required under Section 5808.13(A). Although the Beneficiaries argue that Mr. Aberth repeatedly failed to respond to their requests for information, they cite just one example in their assignment of error, namely, Mr. Aberth's alleged failure to communicate his method of compensation.

**{¶19}** Mr. Aberth, however, testified that he advised the Beneficiaries of his hourly rate during their initial meeting, and that he reiterated it on numerous occasions. While the Beneficiaries testified that Mr. Aberth never informed them regarding his fees, a letter dated January 31, 2013, from the Beneficiaries' counsel to Mr. Aberth specifically references the fact that the issue of fees had been discussed on numerous occasions and that Mr. Aberth had advised them he was inclined to bill at an hourly rate of $225. Although the Beneficiaries argue that Mr. Aberth never confirmed his hourly rate (i.e., that he simply indicated he was inclined to bill $225 per hour), Mr. Aberth testified that he did, in fact, confirm his hourly rate on multiple occasions. To the extent that the probate court's holding relied upon credibility determinations, those determinations are within the province of the trier of fact and are entitled to considerable deference. *State v. Scheiman*, 9th Dist. Medina No. 04CA0047-M, 2005-Ohio-15, ¶ 22, 23.

**{¶20}** Aside from arguing that Mr. Aberth failed to inform them of his method of compensation, the Beneficiaries have not provided citations to parts of the record in support of their assignment of error or created an argument around those facts of record. App.R. 16(A)(7). While the statement of facts in the Beneficiaries' merit brief cites a series of letters that Mr. Aberth allegedly did not respond to, the Beneficiaries have not developed an argument regarding those letters in their assignment of error. In light of the argument before us, we cannot say that

the probate court erred by holding that Mr. Aberth did not breach his duty to keep the Beneficiaries reasonably informed and to promptly respond to requests for information.

{¶21} Next, the Beneficiaries argue that the probate court erred as a matter of law by concluding that Mr. Aberth complied with the annual reporting requirements under Section 5808.13(C). Section 5808.13(C) requires a trustee to send "a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets, and, if feasible, the trust assets' respective market values" at least annually. The Beneficiaries argue that Mr. Aberth failed to comply with this section because he did not send an annual report until October 2013, 18 months after Dr. Cavanaugh's death. Additionally, although their own expert testified that the statements they received from Robert Baird & Company (which they began receiving in March 2013, less than one year after Dr. Cavanaugh's death) satisfied the reporting requirements, the Beneficiaries argue that the Baird statements did not satisfy the reporting requirements because they did not contain the liabilities of the trust. At the hearing, Mr. Aberth's expert testified that he was unaware of any liabilities of the trust and that if the trust had no liabilities, then there was nothing to disclose. The Beneficiaries did not present any rebuttal evidence on this issue. On appeal, the Beneficiaries have not indicated what liabilities, if any, were not included in the statements they received. We, therefore, cannot say that the probate court erred by holding that Mr. Aberth satisfied the reporting requirements under Section 5808.13(C).

{¶22} Next, the Beneficiaries argue that Mr. Aberth engaged in self-dealing in violation of Section 5808.02(C)(4). Section 5808.02(C)(4) provides that a "transaction involving the investment or management of trust property is presumed to be affected by a conflict between personal and fiduciary interests if it is entered into by the trustee with * * * [a] corporation or

other person or enterprise in which the trustee * * * has an interest that might affect the trustee's best judgment." Because Mr. Aberth hired his own law firm to defend against the Beneficiaries' lawsuit, the Beneficiaries argue that a conflict of interest presumably existed under Section 5808.02(C)(4). The Beneficiaries, however, presented no evidence at the hearing in support their position. On the other hand, Mr. Aberth's expert testified that Mr. Aberth did not create a conflict of interest by hiring his own law firm to defend the lawsuit. Notably, the trust allows Mr. Aberth to hire attorneys to defend claims made against the trust and contains no provision prohibiting Mr. Aberth from hiring his own law firm. In light of the record before us, we cannot say that the probate court erred by holding that Mr. Aberth did not engage in self-dealing.

**{¶23}** Next, the Beneficiaries argue that Mr. Aberth breached his duty to use his special skills and expertise as an attorney in his capacity as trustee, which is required under Section 5808.06. More specifically, the Beneficiaries note that the probate court did, in fact, find that Mr. Aberth committed a technical breach of the trust when he paid court fees with an IOLTA check when no funds from the trust were in the IOLTA account. While they acknowledge that Mr. Aberth's breach might not rise to the level of a serious breach of the trust, they argue that this breach, when considered in light of the other breaches, contributes to a series of breaches that amounts to a serious breach of the trust. But given our determination that the Beneficiaries have not established that the probate court erred by holding that Mr. Aberth's conduct did not result in a breach of the trust, it follows that his actions, when considered together, did not result in a serious breach of the trust.

**{¶24}** We now turn to the Beneficiaries' first argument, that is, that the probate court mistakenly believed that the Beneficiaries had to demonstrate that they suffered economic harm as a result of the alleged breaches. In light of our determination that the Beneficiaries have not

established that the probate court erred by holding that Mr. Aberth's conduct did not result in a breach of the trust, we need not address whether the probate court erred by noting that the Beneficiaries did not suffer economic harm. This is because such a finding would not alter our holding herein. Stated differently, even if the probate court erred by finding that the Beneficiaries were required to suffer economic harm, the Beneficiaries have not met their burden of establishing that the probate court erred by finding that Mr. Aberth did not breach the trust or his fiduciary duties. Absent a breach, the issue of harm is rendered immaterial. We, therefore, decline to address the merits of the Beneficiaries' argument. The Beneficiaries' second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE PROBATE COURT ERRED AS A MATTER OF LAW WHEN IT DECLINED TO ENFORCE THE PROVISIONS OF THE OHIO PROBATE CODE.

{¶25} In their third assignment of error, the Beneficiaries argue that the probate court erred as a matter of law by failing to enforce the provisions of the Ohio Probate Code to the facts presented. In particular, they argue that Mr. Aberth breached his duty of care by not listing himself as a creditor on the Standard Probate Form 4.0, but listing himself as such on the Ohio Estate Tax Return. Thus, they argue that Mr. Aberth was "sloppy in his handling of the Estate's finances and breached his duty of care to the Estate." The Beneficiaries further argue that Mr. Aberth breached his duty of care by not listing fees paid to his law firm on the Fiduciary's Account filed with the probate court. As a result, they argue, the probate court erred by finding that no breach had occurred.

{¶26} Despite arguing that the probate court failed to enforce the provisions of the Ohio Probate Code to the facts presented, the Beneficiaries' assignment of error does not contain

citations to any authorities or statutes in support of their position. App.R. 16(A)(7). Indeed, the only citation to a statute is relegated to a footnote and addresses an ancillary issue, that is, whether Section 5807.06(B)(3) requires a trustee to intentionally breach the trust. We, therefore, decline to address the merits of this assignment of error. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). The Beneficiaries' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE PROBATE COURT ERRED AS A MATTER OF LAW BY PERMITTING THE TRUSTEE TO WITHDRAW TRUST FUNDS TO PAY HIS LAW FIRM AND HIMSELF.

{¶27} In their fourth assignment of error, the Beneficiaries argue that the probate court erred as a matter of law when it permitted Mr. Aberth to use trust funds to pay himself and his law firm. The Beneficiaries acknowledge that a trustee may be permitted to pay attorney's fees from a trust to defend his actions, but argue that he cannot do so when he breaches the trust.

{¶28} The Beneficiaries further argue that the probate court's decision in this regard violated their right to due process. Specifically, they note that they relied upon the probate court's April 1, 2015, judgment entry that indicated that the question of attorney's fees would not be addressed until Mr. Aberth filed an application for fees. Because the probate court later approved Mr. Aberth's attorney's fees despite the fact that Mr. Aberth did not file an application, they argue that they were denied notice and an opportunity to be heard on this issue.

{¶29} In light of our analysis and disposition of the preceding assignments or error, we hold that the Beneficiaries' first argument (i.e., that Mr. Aberth was not entitled to pay attorney's fees from the trust because he breached the trust) lacks merit. Regarding their due process argument, we note that the Beneficiaries did not raise this argument in their objections to the

magistrate's decision.  We, therefore, decline to address it.  *State v. Schwarz*, 9th Dist. Medina No. 02CA0042-M, 2003-Ohio-1294, ¶ 14, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279 (1993) ("Courts have consistently held that arguments which are not raised below may not be considered for the first time on appeal."); *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 598 (1995) (declining to address a constitutional issue not raised below).  The Beneficiaries' fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO REMOVE THE TRUSTEE AS TRUSTEE AND EXECUTOR.

**{¶30}**  In their fifth assignment of error, the Beneficiaries argue that the probate court abused its discretion by failing to remove Mr. Aberth as the trustee and executor in light of the serious breaches of the trust and his mishandling of the estate.  They also argue that the probate court abused its discretion by failing to remove Mr. Aberth as the trustee as a result of his persistent failure to administer the trust effectively.  In response, Mr. Aberth argues that the probate court considered all of the evidence, applied the applicable law, and properly concluded that the Beneficiaries failed to prove their case by clear and convincing evidence.

**{¶31}**  Section 5807.06(B) provides, in pertinent part, that a court may remove a trustee if the trustee has committed a serious breach of the trust, or if the court determines that removal of the trustee best serves the interests of the beneficiaries because of the trustee's unfitness, unwillingness, or persistent failure to administer the trust effectively.  "The removal of a trustee is generally considered a drastic action and the party seeking to remove a trustee must show a basis for removal by clear and convincing evidence."  *Tomazic v. Rapoport*, 8th Dist. Cuyahoga

No. 97937, 2012-Ohio-4402, ¶ 33. "The decision whether to remove a trustee lies within the sound discretion of the probate court, and an appellate court will not reverse that decision absent a showing of a clear abuse of that discretion." *In re Trust Estate of CNZ Trust*, 9th Dist. Lorain No. 06CA008940, 2007-Ohio-2265, ¶ 16. Notably, courts less readily remove a trustee named by the settlor than one appointed by the court. *Diemert v. Diemert*, 8th Dist. Cuyahoga No. 82597, 2003-Ohio-6496, ¶ 16.

{¶32} In light of our analysis and disposition of the Beneficiaries' preceding assignments of error, we hold that the Beneficiaries have not established that the probate court abused its discretion by not removing Mr. Aberth as the trustee or executor. Accordingly, the Beneficiaries' fifth assignment of error is overruled.

### III.

{¶33} Plaintiffs-Appellants Rachel Cavanaugh Gorby and Robert Donnan Cavanaugh's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

---

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DOUGLAS G. LEAK, Attorney at Law, for Appellants.

JAMES T. STIMLER, Attorney at Law for Appellants.

JOHN P. SUSANY and KATHLEEN A. HAHNER, Attorneys at Law, for Appellee.