[Cite as *In re Estate of von Meyer*, 2017-Ohio-5839.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: ESTATE OF SYLVIA VON MEYER

C.A. No.    16CA010980

FERDINAND VON MEYER, HEIR

    Appellant

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO

    v.

CASE No.    12ES00821

KATHLEEN DANE, EXECUTRIX

    Appellee

DECISION AND JOURNAL ENTRY

Dated: July 17, 2017

HENSAL, Presiding Judge.

{¶1}    Ferdinand von Meyer appeals from the judgment of the Lorain County Court of Common Pleas, Probate Division, adopting the magistrate's decision that denied his motion to remove the executor of his late wife's estate. This Court affirms.

I.

{¶2}    This appeal involves a surviving spouse's ("Husband") motion to remove the executor of his late wife's estate. The decedent died testate in 2011. Her will identified four beneficiaries: three relatives and an endowment fund. The decedent disinherited her husband, indicating that she had otherwise provided for him. The decedent's sister, Kathy Dane, was appointed executor of the decedent's estate. Ms. Dane is also a beneficiary under the will.

{¶3}    Three separate lawsuits were filed relative to the decedent's estate, but only one remains unresolved. The unresolved lawsuit pertains to funds held in a Wells Fargo account

owned by the decedent and Ms. Dane, which Husband claims entitlement to. More specifically, Husband claims that the Wells Fargo account was held in joint tenancy without rights of survivorship, while Ms. Dane claims that the account was held in joint tenancy with rights of survivorship, thereby entitling her to the decedent's share of the account. The other lawsuits pertained to: (1) a claim filed by Husband against Ms. Dane relative to funds Ms. Dane withdrew from a LorMet Community Federal Credit Union account ("LorMet Account") prior to the decedent's death; and (2) a concealment-of-assets claim filed by Ms. Dane against Husband. Those lawsuits resolved through a settlement agreement and voluntary dismissal, respectively.

{¶4} In 2015, Husband moved to have Ms. Dane removed as the executor of the decedent's estate. He argued that Ms. Dane: (1) misappropriated estate assets when she withdrew funds from the LorMet Account prior to the decedent's death; (2) intentionally omitted certain assets from any inventory; (3) made false representations to the probate court; and (4) admitted to wrongfully attempting to collect funeral expenses from Husband, contrary to the will's provision that those expenses be paid through the estate. Husband also argued that Ms. Dane should be removed because unsettled claims existed between Ms. Dane and the estate, and between the estate and Husband.

{¶5} The magistrate held a hearing and ultimately denied Husband's motion. In doing so, the magistrate summarized the lawsuits associated with the estate and concluded that "[t]hough there has been much litigation over the past several years and allegations of wrongdoing on the part of the execut[or], there has been no finding of fiduciary misfeasance." Husband filed objections to the magistrate's decision, which the probate court overruled. The probate court then adopted the magistrate's decision, concluding that the magistrate properly

determined the factual issues and appropriately applied the law. Husband now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE PROBATE COURT ABUSED ITS DISCRETION WHEN IT UPHELD ITS MAGISTRATE'S DECISION NOT TO REMOVE THE EXECUT[OR].

{¶6} In his assignment of error, Husband argues that the probate court abused its discretion by adopting the magistrate's decision that denied his motion to remove the executor of his late wife's estate. We disagree.

{¶7} "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Id.* at ¶ 18. Here, "[r]emoval of an executor rests within the sound discretion of the trial court and a reviewing court will not reverse the decision absent a clear showing of abuse of discretion." *Pio v. Ramsier*, 88 Ohio App.3d 133, 136 (9th Dist.1993). An abuse of discretion connotes that the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Husband moved to remove Ms. Dane as the executor under Revised Code Sections 2109.53 ("Judgment against fiduciary – removal.") and 2113.18 ("Removal of executor or administrator."). Although Husband did not specifically cite Section 2109.24 ("Resignation or removal of fiduciary.") in his motion, the substance of his motion referred to grounds for removal thereunder. We will address the latter two Sections only, as Husband has not developed an argument with respect to Section 2109.53 on appeal. *See* App.R. 16(A)(7).

{¶9} First, Section 2113.18 provides that "[t]he probate court may remove any executor * * * if there are unsettled claims existing between the executor * * * and the estate that the court thinks may be the subject of controversy or litigation between the executor * * * and the estate or persons interested in the estate." In support of his argument, Husband argued below that Ms. Dane owed both him and the estate money relative to the aforementioned settlement agreement, and that two lawsuits involving Ms. Dane (i.e., the concealment-of-assets lawsuit filed by Ms. Dane against Husband, and the lawsuit filed by Husband against Ms. Dane relative to the Wells Fargo account) remained unresolved. Ms. Dane, however, testified at the hearing that she transferred the funds pursuant to the settlement agreement and dismissed her concealment-of-assets lawsuit against Husband. Thus, the magistrate noted that the only unresolved lawsuit pertained to the Wells Fargo account, and that there had been no adjudication on the merits of any adverse findings against Ms. Dane.

{¶10} On appeal, Husband has not established that the probate court abused its discretion when it adopted the magistrate's decision relative to Section 2113.18. While there is no dispute that there is ongoing litigation involving the Wells Fargo account, ongoing litigation alone does not necessarily warrant removal of an executor. *See Hoover v. Gamblin*, 9th Dist. Summit No. 15707, 1993 WL 21023, *2 (Jan. 27, 1993). To the extent that Husband argues in his merit brief that the underlying litigation "created hostile feelings" that "would or might interfere with the proper management of the estate[,]" he did not raise that argument in his motion to remove and, therefore, is barred from doing so on appeal. *Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶ 14 (stating that issues not raised below cannot be raised on appeal).

{¶11} Next, Section 2109.24 provides, in pertinent part, that a court may remove a fiduciary if the fiduciary fails to make and file an inventory. It further provides that:

> [t]he court may remove any fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law.

{¶12} Regarding Ms. Dane's alleged failure to file an accurate inventory, the magistrate noted that the estate was originally opened for litigation purposes only, and that the probate court's order specifically indicated that no inventory was required. The magistrate further noted that Ms. Dane later filed an inventory when she became aware of an OPERS check and a promissory note, and that – to the extent that Husband argued that other assets should have been included in the inventory – the sufficiency of the inventory had already been decided when the probate court denied Husband's exceptions to same. Additionally, Ms. Dane testified that she intends to file an amended inventory to reflect the funds she returned to the estate pursuant to the settlement agreement.

{¶13} Regarding Ms. Dane's other alleged misconduct, the magistrate indicated that there had been no finding of fiduciary misfeasance. In his merit brief, Husband lists several instances of alleged misconduct, which he claims are "undeniable and irrefutable[.]" A review of the record, however, makes clear that Husband's merit brief mischaracterizes some of the evidence adduced at the hearing on his motion to remove. For example, he asserts that Ms. Dane took and concealed the decedent's personal property, which were assets of the estate. Husband's brother-in-law, however, testified that he and Husband told Ms. Dane and her sister (another heir) that "they could come get what they wanted[,]" from the marital home, including a sewing machine and some clothes. Husband also asserts that Ms. Dane admitted to taking estate funds and dividing them between herself and her sister (another heir), despite knowing that other heirs

existed. A review of the transcript in its entirety, however, indicates that at the time Ms. Dane withdrew the funds, she believed that she and the decedent alone owned the account. In yet another example, Husband asserts that Ms. Dane admitted that certain assets existed, and further admitted to making no effort whatsoever to garner those assets for estate purposes. Husband cites two transcript pages in support of his argument in this regard. Those pages indicate that Ms. Dane sued Husband for concealing assets, and that Husband eventually denied her access to the marital home. Those pages also reference Ms. Dane's withdrawal of funds from the LorMet Account, and the fact that she believed it was held jointly with rights of survivorship and, therefore, not an estate asset.

{¶14} Thus, despite asserting that Ms. Dane made false representations to the probate court and otherwise knowingly engaged in misconduct, the testimony adduced at the hearing, if believed, does not support Husband's claims under Section 2109.24. Rather, the testimony indicates that when Ms. Dane took certain actions and made filings with the probate court, she did so pursuant to her understanding of the estate's assets at that time. To the extent that the magistrate's decision relied upon credibility determinations, the fact finder is in the best position to make those determinations, which are entitled to considerable deference on appeal. *Gorby v. Aberth*, 9th Dist. Summit No. 28021, 2017-Ohio-274, ¶ 19.

{¶15} In light of the foregoing, we cannot say that the probate court abused its discretion when it adopted the magistrate's decision that denied Husband's motion to remove Ms. Dane as the executor. Accordingly, Husband's assignment of error is overruled.

III.

{¶16} Husband's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

DAVID H. CULLIS, Attorney at Law, for Appellee.