[Cite as *Jacob v. Jacob*, 2017-Ohio-8725.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

LISA JACOB

      Appellant

      v.

DAVID JACOB, TRUSTEE, Juanieta L.
Jacob Rev. Liv. Trust

      Appellee

C.A. No.     28293

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2015-CV-119

DECISION AND JOURNAL ENTRY

Dated: November 29, 2017

---

HENSAL, Presiding Judge.

{¶1} Lisa Jacob appeals a judgment of the Summit County Court of Common Pleas, Probate Division, that granted summary judgment to David Jacob, Trustee of the Juanieta L. Jacob Revocable Living Trust. For the following reasons, this Court affirms.

I.

{¶2} Juanieta Jacob created a revocable living trust that named her daughter Lisa as the successor trustee. A few years later she amended the trust to name her son David as the successor trustee instead. The following year, she amended the trust again, specifically directing the trustee to deduct $216,927.76 from any share that Lisa was entitled to receive after her death and to redistribute it to the other beneficiaries of the trust.

{¶3} Following Juanieta's death, David began administering the trust. Lisa filed a complaint against him, alleging breach of fiduciary duty. She also requested a declaratory judgment and an accounting of all of the income, expenses, assets, and liabilities of the trust.

She further contested the validity of the provisions reducing her share. Following discovery, David moved for summary judgment, which the probate court granted. Lisa appealed, and also filed a "motion for reconsideration or, in the alternative, relief from judgment or order and motion for order nunc pro tunc." This Court remanded the action to the probate court so that it could rule on Lisa's Civil Rule 60(B) motion. The court denied her motion. Lisa subsequently amended her notice of appeal to include the order that the probate court entered on remand. She has assigned two errors.

II.

ASSIGNMENT OF ERROR I

THE PROBATE COURT COMMITTED LEGAL ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, PURSUANT TO RULE 56(C) OF THE OHIO RULES OF CIVIL PROCEDURE, IN THAT THERE EXISTS AN ABUNDANCE OF GENUINE ISSUES OF FACT, REGARDING APPELLANT'S RIGHT TO AN ACCOUNTING.

**{¶4}** Lisa argues that the probate court incorrectly granted summary judgment on her request for an accounting. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting

Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} According to Lisa, David had an obligation under Revised Code Section 5808.13 to provide her with a report of the trust's "property, liabilities, receipts, and disbursements" every year, which he failed to do. R.C. 5808.13(C). In his motion for summary judgment, David argued that he satisfied his reporting obligation, pointing to a number of letters that he had sent to the trust's beneficiaries, including Lisa, about the status of the trust. Lisa argues that the letters were insufficient under Section 5808.13(C) because they did not indicate the trust's receipts, liabilities, and other expenses, including any compensation that the trust paid to David.

{¶6} This Court has determined that a report that does not include a list of the trust's liabilities satisfies the reporting requirements under Section 5808.13(C) if there was nothing to disclose. *Gorby v. Aberth*, 9th Dist. Summit No. 28021, 2017-Ohio-274, ¶ 21. The official comment to Section 5808.13(C) also indicates that there is no "inference that the [trustee's] report must be prepared in any particular format or with a high degree of formality." "The key factor is not the format chosen but whether the report provides the beneficiaries with the information necessary to protect their interests." *Id*. Upon review of the documents submitted by David, we conclude that he satisfied his initial burden under *Dresher* to demonstrate that he complied with Section 5808.13(C).

{¶7} In her opposition brief, Lisa did not challenge David's assertion that he provided the beneficiaries with an accounting sufficient to satisfy his statutory obligation. Instead, she focused on whether David breached his fiduciary duties by convincing Juanieta to amend the trust a second time and whether the amendment was invalid because of a deficit in Juanieta's testamentary capacity. She also argued that David engaged in self-dealing by writing checks to

himself and his wife from Juanieta's account. The only reference that Lisa made to her accounting claim was an assertion that, since David breached his fiduciary duties, "[i]t follows that a proper accounting is in order."

{¶8} Upon review of the record, we conclude that Lisa did not set forth specific facts in her opposition to David's motion for summary judgment that demonstrated there is a genuine issue regarding whether the trust reports David prepared failed to include all of the trust's "property, liabilities, receipts, and disbursements[.]" R.C. 5808.13(C). The probate court, therefore, correctly granted summary judgment to David on Lisa's accounting claim. Lisa's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE PROBATE COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER, PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE, ON THE GROUNDS THAT (1) APPELLANT IS ENTITLED TO AN ACCOUNTING, AND (2) THE REDUCTION OF APPELLANT'S SHARE UNDER THE TRUST IS BASED ON A CLAIM OF SETOFF BARRED BY THE STATUTE OF LIMITATIONS.

{¶9} Lisa next argues that the trial court incorrectly denied her post-judgment motion under Civil Rule 60(B)(5). That rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * any * * * reason justifying relief from the judgment." Civ.R. 60(B)(5).

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174

(1994). "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶10}** Regarding her accounting claim, Lisa argues that the probate court abused its discretion because it did not review the evidence she submitted in support of her claim, merely writing in its order that "[a]s for the accountings, there is nothing new for the Court to consider." Specifically, she argues that she requested an updated accounting from David on July 21, 2016. According to Lisa, although David assured her that an updated accounting would be forthcoming within 10 days, she never received one.

**{¶11}** Lisa filed her complaint against David in August 2015. The probate court granted summary judgment to David in June 2016. Lisa's alleged request to David for an updated accounting did not occur until July 2016, which was after her action had been decided. We, therefore, conclude that Lisa has failed to demonstrate that she had a meritorious claim to present if the probate court granted her relief under Civil Rule 60(B) on her accounting claim.

**{¶12}** Lisa also argues that the probate court failed to rule on her statute of limitations argument. In her motion, Lisa noted that Juanieta had given her $550,000 in 2006 to help her resolve her divorce. She alleged that, although she had given some of the money back, the remainder was a gift, not a loan as David had characterized it. She argued that, even if it the payment was a loan, the statute of limitations for seeking repayment of the loan had passed. Lisa argues that the probate court failed to address her argument in its decision.

{¶13} In its entry granting summary judgment to David, the probate court noted that there was disagreement about how much money Lisa had returned to Juanieta. It only considered that evidence, however, in examining whether Juanieta lacked testamentary capacity to amend the trust a second time. The issue of whether Juanieta's estate could bring a timely action to recover the remainder of the money Juanieta transferred to Lisa during Lisa's divorce proceeding is irrelevant to this action. The question before the court was not why Juanieta decided to reduce Lisa's share of the trust, it was only whether she had the capacity to do so. Lisa has not challenged the probate court's conclusion that Juanieta did not develop dementia or other cognitive problems until after she amended her trust a second time.

{¶14} Upon review of the record, we conclude that the probate court exercised proper discretion when it denied Lisa's motion under Civil Rule 60(B)(5). Lisa's second assignment of error is overruled.

III.

{¶15} Lisa Jacob's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


_____
JENNIFER HENSAL
FOR THE COURT



CALLAHAN, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

ROBERT C. MEEKER, Attorney at Law, for Appellant.

J. REID YODER and BENJAMIN R. SORBER, Attorneys at Law, for Appellee.