[Cite as *In re Estate of Hamad*, 2018-Ohio-4980.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: THE ESTATE OF CHARLES W. HAMAD

C.A. No.  29002

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  2014 ES 00876

DECISION AND JOURNAL ENTRY

Dated: December 12, 2018

SCHAFER, Presiding Judge.

{¶1} Appellant, Charles B. Hamad ("Charles"), appeals from a judgment of the Summit County Court of Common Pleas, Probate Division, that removed him as executor of the estate of his late father, Charles W. Hamad ("Decedent"). This Court affirms the judgment insofar as it removed Charles as executor.

I.

{¶2} Charles is the oldest child of Decedent, who died on August 21, 2014. This estate case has a long and contentious history, primarily involving disputes between Charles and some of Decedent's other beneficiaries. This Court will limit its review of the facts to those directly relevant to this appeal.

{¶3} Decedent had executed a will that was filed in this probate case shortly after his death. No one has disputed the validity of the will. The will designated Charles as the executor of the estate and provided for several beneficiaries, including all six of Decedent's children.

{¶4}    Among other things, the will provided that Hamad Tire, Inc., a business owned by Decedent, would be divided between three of his sons: Charles, Michael, and Nicholas.  The will further provided that several parcels of Decedent's real property, on which Hamad Tire operated its businesses, would be transferred into a trust created by Decedent prior to his death.

{¶5}    Although Charles and some of the other beneficiaries would later dispute which of two trusts controlled, they agreed that, prior to his death, Decedent executed a valid trust, and that the trust became the owner of real estate upon which Hamad Tire operated its business.  There was also no dispute that, as part of Decedent's estate plan, Hamad Tire was required to pay monthly rent to the trust for the company's use of the properties.  The trust provided that the rental income would be divided equally between Decedent's six children.  The most significant difference between the two trusts was the amount of monthly rent to be paid by Hamad Tire: $3750 or $12,000.  Although Charles asserts on appeal that the trusts were not admitted into evidence, no one disputed at the hearing that the trust documents were already in the record as attachments to motions that had been filed during this case.

{¶6}    An earlier dispute between the parties involved the will's provision to transfer ownership interest of Hamad Tire to three of Decedent's sons.  Ultimately, two years after Decedent's death, Charles purchased his two brothers' interests in Hamad Tire for $300,000 each.  The source of the $600,000 to buy his brothers' interests in Hamad Tire is not clear from the record, but there was evidence that Charles obtained all or part of the money from Hamad Tire and/or by re-mortgaging the real estate that was transferred into the trust.

{¶7}    Other disputes arose between Charles and his siblings.  Of significance here, Charles had become the sole owner of Hamad Tire.  The transfer of ownership of the company is not challenged on appeal.  That transaction remained relevant, however, because the trustee and

other beneficiaries repeatedly asserted that the role of Charles as the owner of Hamad Tire conflicted with his role as executor of Decedent's estate. Notably, Hamad Tire had not paid any rent to the trust and Charles, as executor, had taken no steps to collect the rent on behalf of the estate.

{¶8} The matter ultimately proceeded to a hearing on a motion to remove Charles as executor and to strike the final accounting of the estate. The primary issue at the hearing concerned the rent that had not been collected by the trust or distributed to the siblings, which was potentially in excess of $300,000 by that time.

{¶9} Following a hearing, the probate court removed Charles as executor and refused to accept the final accounting of the estate because it failed to account for the rent that should have been paid to the trust. The court appointed a disinterested administrator "to make an independent analysis of the Estate and its debtors and pursue any litigation she deems reasonable." Charles appeals and raises two assignments of error.

II.

## Assignment of Error I

**The trial court erred and abused its discretion in removing [Charles] as the Executor of [Decedent's] estate.**

{¶10} Charles asserts that the trial court erred in removing him as executor. The probate court has broad discretion in its decision to remove an executor. *In re Estate of Wilkerson*, 9th Dist. Summit No. 22049, 2005-Ohio-159, ¶ 10. An abuse-of-discretion review grants deference to the trial court's judgment. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. This Court will reverse the trial court's judgment to remove an executor only when it is "unreasonable, arbitrary, or unconscionable." *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} This Court is not persuaded by Charles's argument that the trial court lacked discretion to remove him as executor because it had no statutory authority to do so. R.C. 2113.18(A) authorized the probate court to remove Charles as the executor "if there are unsettled claims existing between the executor * * * and the estate that the court thinks may be the subject of controversy or litigation between the executor * * * and the estate or persons interested in the estate."

{¶12} Charles mistakenly relies on a prior decision of this Court, *In re Estate of Von Meyer*, 9th Dist. Lorain No. 16CA010980, 2017-Ohio-5839, asserting that it established a high evidentiary burden for the removal of an executor under this statutory provision. The *Von Meyer* case involved an appeal from a probate judgment that *denied* the surviving spouse's motion to remove the executor of his late wife's estate. *Id*. at ¶ 1. This Court held on appeal that the trial court did not abuse its discretion by refusing to remove the executor under R.C. 2113.18(A). *Id*. at ¶ 10. The decision did not set an evidentiary standard but instead emphasized the broad discretion afforded the probate court in determining whether to remove a fiduciary under R.C. 2113.18(A).

{¶13} Charles has failed to establish that the trial court abused its discretion by removing him as executor in this case. Although the appellate briefs complicate this appeal by rehashing the many disputes that have arisen in this case, the basic facts relevant to this issue are not complex or disputed. At the time of the hearing on the removal of Charles as executor, the two primary assets in the estate were Decedent's business, Hamad Tire, and the real estate on which Hamad Tire operated its businesses, which had been transferred to the trust.

{¶14} Charles had become the sole owner of Hamad Tire. In addition to evidence to suggest that Charles may have further encumbered Hamad Tire and/or the trust properties to

serve his own interest as the owner of Hamad Tire, no one disputed that Hamad Tire had paid no rent to the trust. As the trial court noted at the hearing, the trust should have been receiving a substantial amount of monthly rent from Hamad Tire that had not been paid.

{¶15} As executor of the estate, Charles had the responsibility to safeguard all of Decedent's assets, including real estate and the trust. *See* R.C. 2113.31. He was required to manage and protect the value of the real estate that was ultimately transferred into the trust, which included collecting any rents owed on the real estate and "at intervals not to exceed twelve months, pay over to the heirs * * * their share of the net rents[.]" R.C. 2113.311(E) and (F).

{¶16} Regardless of which trust controlled, the sibling beneficiaries should have been receiving distributions of rental income from the trust, but, years after Decedent's death, the trust had collected no rental income to distribute. As the sole owner of Hamad Tire, Charles financially benefitted from the company's failure to pay any rent to the trust.

{¶17} Given that the other beneficiaries and trustee of the trust had been litigating with Charles over the unpaid rental income for nearly four years, the trial court could reasonably conclude that there were unsettled claims between Charles and the estate that could become the subject of litigation between Charles and "persons interested in the estate." *See* R.C. 2113.18(A); R.C. 2113.22. Charles has failed to demonstrate that the trial court abused its discretion by removing him as executor pursuant to R.C. 2113.18(A). The first assignment of error is overruled.

## Assignment of Error II

**The trial court erred and abused its discretion in its appointment of an administrator.**

{¶18} This Court reached the merits of Charles's first assignment of error because an order removing a fiduciary is a final, appealable order. *In re Estate of Nardiello*, 10th Dist.

Franklin No. 01AP-281, 2001 WL 1327178, * 3 (Oct. 30, 2001); *see also In re Estate of Howard*, 9th Dist. Lorain No. 05CA008730, 2006-Ohio-2176 (reaching the merits but not explicitly addressing the finality of the judgment). This Court lacks jurisdiction to address his second assignment of error, however, because the appointment of an administrator is not final or appealable. *In re Estate of Thomas*, 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 9-10. We decline to address this assigned error for that reason.

III.

{¶19} Appellant's first assignment of error is overruled. This Court did not address his second assignment of error because that aspect of the trial court's order is not final or appealable. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

JOHN RAMBACHER and MICHAEL KAHLENBERG, Attorneys at Law, for Appellee.

STEVEN HOBSON, II, Attorney at Law, for Appellee.

RICHARD HARRIS, III, Attorney at Law, for Appellee.

JACQUELINE MAHLAND and ROBERT MAGUIRE, Attorneys at Law, for Appellee.